MARTHA E. DORTCH and others *v.* WM. T. DORTCH, Adm'r., and others.

An administrator is not required to insure the estate of his intestate; but he is required to be honest, faithful and diligent.

If an administrator retains the funds of his intestate to meet the exigencies of his office, or to discharge the debts against the estate, when established, or because there are none within the jurisdiction of the Court authorized to receive it, he is not only permitted but encouraged to invest such funds in interest bearing securities.

CIVIL ACTION for the purpose of settling an estate, heard upon exceptions to the report of a commissioner, at Fall Term, 1873, of WILSON Superior Court, before *Clarke, J.*

This action commenced by a bill in equity, filed at Fall Term, 1859. It was regularly continued from term to term, without action, until the Spring Term, 1872, of the present Superior Court, when it was referred to a commissioner to state an account, who reported to Spring Term, 1873. At this term plaintiffs filed exceptions to the report, which were heard at the ensuing term.

His Honor sustained a part of the exceptions, giving judgment accordingly. From this judgment defendants appealed.

The point raised by the exceptions and the grounds sustaining it are fully set out in the opinion of the Court.

*Moore & Gatling, Smith & Strong,* and *Haywood,* for appellants.

*Faircloth & Grainger,* contra.

SETTLE, J. The material facts are, that in 1854 the defendants became the administrator of L. J. Dortch, who died in that year in Edgecombe county, leaving a widow and three children, who are the plaintiffs in this action. That the plaintiffs removed to and became residents of the State of Mississippi. Some time before the filing of this petition, which was at Fall

Term, 1859, and that the three children, all infants, had no guardian in this State. That the estate of the intestate, L. J. Dortch, was much involved in litigation, requiring numerous suits and much delay in its settlement; that the defendant having money in his hands belonging to the estate, with suits pending against him, which he might be called upon to answer, and further, having no one in the State to whom he could pay the money, invested it by loan to one George W. Collier, on what is admitted to have been good personal security, but what afterwards became worthless by the results of the war. That the defendant in 1867, in order to secure this fund, took the note of the said Collier for the same, and secured the note by mortgage on land, which is alleged to be amply sufficient to pay the debt; that in consequence of protracted litigation the Collier land has not yet been sold.

At Spring Term, 1872, an order was made appointing a commissioner to state the account of the administration by the defendant.

A report was made, and exceptions filed, and the controversy is now narrowed down to a single point which arises upon that portion of the report, which is as follows:

"It further appearing that George W. Collier was indebted to the estate, (meaning that he had borrowed money belonging to the estate of the intestate, from the defendant,) and that he became insolvent by the results of the war, and that the administrator took his note on the first day of February, 1867, secured by mortgage on real estate, which is amply sufficient to secure the payment of said note, the collection of which has been delayed by much litigation, I report that the sums due the plaintiff should be paid out of said note when collected, the amount of said note being more than sufficient to pay the sums reported."

The plaintiff excepted to the report of the commissioner, finding that they should be paid out of the proceeds of the Collier note and mortgage, insisting that they were entitled to

15

an immediate judgment; and his Honor sustained the exception from which ruling the defendant appealed.

The question at once presents itself: Did the defendant act in good faith, and with due diligence in his transactions with Collier?

The authorities cited by Mr. Haywood, in his well considered brief, establish beyond question:

1. That when an executor or administrator has money of the estate in his hands, and there are no reasons why he should retain it, and he has an opportunity of paying it over to the legatees or next of kin, he should do so, and will not be heard to say that he had loaned it out, for the sake of interest.

2. If there are reasons why he should retain it, in order to meet the exigencies of his office, or as in our case, to pay debts, if established, or because there was no one here authorized to receive it, he is not only permitted but encouraged to invest it in interest-bearing securities, for the benefit of the fund.

3. An administrator is not required to insure the estate of his intestate, but he is required to be honest, faithful and diligent.

Let us apply these principles to the case before us.

The defendant, in the early part of his administration, had two reasons for retaining the fund, either of which was sufficient, and having once invested it, the result is likely to prove that he has been much more fortunate in his investment, and management of the fund than nine-tenths of those who have had the management of trust funds during and since the war. No one will say that he ought to have collected depreciated currency during the war; and those who have witnessed the general wreck of fortunes since the war will hardly believe that one who is about to save all that was entrusted to him, is not both faithful and diligent.

What we have said disposes not only of the main question, but also of the exception as to the forty dollars expended on account of the Collier mortgage.

This opinion will be certified to the end that the Superior

Court may inquire into the condition of the mortgage, and have it assigned for the benefit of the plaintiffs, or require the defendant to close it, for the benefit of the plaintiffs, as may seem best to meet the ends of justice.

Per Curiam.                    Judgment accordingly.