| 82 | 69 |
|----|-----|
| 82 | 731 |
| 82 | 69 |
| 95 | 193 |
| 82 | 69 |
| 107 | 19 |

## In the Matter of the Estate of MICHAEL HOLDERBAUM, Deceased.

1. Estates of Decedents: MISMANAGEMENT BY EXECUTOR: BOND. An executor who is relieved, by the terms of a will, from liability to give bond for the faithful performance of his duties, may nevertheless, be required to give such bond to the extent of the value of the personal property of the estate, where it appears that the estate is indebted, and that the executor has mismanaged its affairs, and misappropriated its assets to his own use.

2. ———: REPORTS OF EXECUTOR: APPROVAL: EFFECT. An order of court approving the report of an executor has the force of an adjudication, and will not be set aside at the instance of a creditor who has acquiesced therein for the period of five years.

3. ———: MISAPPROPRIATION OF ASSETS BY EXECUTOR: LIABILITY. Where an executor wrongfully sets apart to the widow of the deceased personal property not exempt from execution, he may properly be charged with the value thereof.

4. **Practice in Supreme Court:** REVIEW OF FINDINGS OF FACT: RECORD. A statement in an abstract of the record in a case upon appeal that it "is a correct abstract of the report of the evidence introduced, offered and admitted on the hearing and trial of said cause in the court below," is not an averment that the abstract contains all the evidence offered and introduced upon the trial, and will not warrant a review by the supreme court of findings of fact made in the court below.

5. **Executor's Use of Lands:** LIABILITY FOR RENT. Where an executor uses the lands of his testator for his personal benefit, he will be liable for the annual rental value of the land during such use.

*Appeal from Madison District Court.*—HON. O. B. AYERS, Judge.

SATURDAY, JANUARY 31, 1891.

THESE proceedings were instituted by the executor of an estate for a final settlement, and for his discharge from further liability and responsibility. Exceptions were taken to the account and claim of the executor by two creditors of the estate. Upon the final hearing, his final account was not approved, and he was charged with a balance due the estate of thirteen hundred and fifty dollars and thirty-five cents, and his claim for an allowance of five thousand, thirty-seven dollars and forty-seven cents, an alleged balance due him, was rejected. The executor and the creditors both appeal. The executor appealing first is designated as appellant. *Affirmed.*

*Kauffman & Guernsey* and *Eli Wilkin,* for appellant.

*Leonard & Son* and *V. Wainwright,* for appellee.

BECK, J.—I. Michael Holderbaum died seized of a large tract of improved land, used by him in his life-

1. ESTATE of de-cedents: mis-management by executor: bond.

time as a farm. He was heavily indebted. By his will he named his son, A. C. Holderbaum, executor, and directed that he be not required to execute a bond for the faithful discharge of his duty. Full authority was conferred upon the executor to manage and control the property

of the estate, in order to realize the best income there-from.  He was authorized to borrow money in order to pay debts of the estate, and to execute mortgages to secure the loans.  The testator died in 1879, and the will was in that year admitted to probate, and the executor qualified soon after.  He made six reports to the probate court, showing the collection of money in various ways, and the payment of debts of the estate. All of these reports were approved, and the memorandum of the approval of each was indorsed thereon.

Upon making the seventh report, eight exceptions were taken thereto by the creditors, who are parties to this appeal.  Subsequently, after a contest in regard to these claims, which were resisted by the executor, additional exceptions, twenty-eight in number, were filed, making the whole number thirty-five.  These numerous exceptions assail the account and claim of the executor, on the ground that he unlawfully turned over to the widow of the testator a large amount of personal property, which she converted to her own use ; that he failed to report as assets of the estate promissory notes coming into his hands ; that he failed to report the disposition made by him of the personal property of the estate ; that he unlawfully conveyed land of the estate, and mortgaged other lands ; that he has unlawfully distributed to heirs of the estate assets thereof, and has failed to pay claims against the estate ; and, generally, it is in the numerous exceptions shown that the executor has unlawfully and wrongfully managed the affairs of the estate, and appropriated the assets thereof to his own use.

II.  The creditors also filed a motion for an order requiring the executor to give a bond for the faithful and honest performance of his duty.  The abstracts do not show any rulings on this motion, but it appears, from the argument of the attorneys on both sides, that the motion was sustained, and that the executor was ordered to give a bond in the sum of ten thousand dollars.  The executor complains of this order, on the ground that he ought not to be required to give a bond at

all, while the creditors insist that the court erred in not requiring a bond in the sum of twenty thousand dollars. We discover no error in the rulings of the district court on this point. We think that the record shows that the executor had so managed the affairs of the estate as authorized the presumption that its assets may not be applied to the payment of the creditors, and that their security, arising from the existence of assets, is impaired by the fact that the debts of the estate seem to be accumulating rather than being paid, while the value of the assets is not increasing. We are of opinion that the amount of security fixed by the district court, ten thousand dollars, is sufficient; that sum being, as we understand the record, equal, if not in excess, of the value of the personalty of the estate.

III. The executor made six reports,—the first April 24, 1880, and the sixth on the twenty-seventh day of November, 1885. Each of these reports was accompanied by vouchers, and was approved by the judge of the district court by an indorsement thereon. We think the district court rightly held, under the facts and circumstances of the case, that the six approved reports ought not to be set aside; but they should stand as adjudged statements of the condition of the estate, except as far as to correct errors that may be shown therein. A controlling reason for this conclusion is that the creditor's claims were filed and approved soon after the executor was qualified, and they made no move to enforce them for more than five years. Indeed, it is not shown that they ever requested the executor during this time to make payment of their claims. They seem to have regarded the accounts as correct, or, having an opportunity to object to them for five years, and failing to do so, they thereby induced the probate court and executor to believe that they assented to the reports, upon which belief both the court and the executor acted in subsequent proceedings.

IV. The executor set apart to the widow a threshing machine and other property, all amounting in value

3. ——: misappropriation of assets by executor: liability.

to nine hundred and seventeen dollars and fifty cents, none of which was exempt from execution. The district court rightly charged the executor with the value of this property. The executor had no authority to thus dispose of these assets. It was his duty to inventory the property, and hold it as assets of the estate. Code, secs. 2370, 2373. Had the property been exempt from execution, his action in this regard would have been correct. Code, sec. 2371.

V. The seventh and eighth reports, filed by the executor, not having been approved, were not regarded as precluding an examination into the disposition of the assets of the estate to which they relate. The district court considered the accounts presented in the seventh and eighth reports, and found there is due from the executor, for cash in his hands, thirteen hundred and fifty dollars and thirty-five cents. The abstracts upon which the case is tried here do not purport to contain all the evidence submitted to the court below, nor do they attempt to present the vouchers accompanying the executor's account. We cannot, therefore, review the decision of the court below as to its findings upon the facts and the statement of the account of the executor made in the case. The creditors in their abstract, after presenting the evidence of a few witnesses, not all of them, declare that it "is a correct abstract of the report of the evidence introduced, offered and admitted on the hearing and trial of said cause in the court below." But they wholly fail to aver or show that it is an abstract of the evidence of all the witnesses, or an abstract of all the evidence introduced and offered upon the trial of the case in the court below.

4. PRACTICE in supreme court: review of findings of fact: record.

VI. The executor complains that the district court charged him in the account stated for the rent of the land,—the farm left by the testator. The evidence tended to show that the executor used the land for his personal benefit; that

5. EXECUTORS: use of lands: liability for rent.

the farming of the land was largely on his own account; and that the estate did not receive the full benefit from the cultivation of the land to which it was in law entitled. The question of fact here presented we cannot determine, in the absence of all the evidence. The court below found upon the issue involving this fact against the executor. This conclusion being reached, the court below rightly held that the executor should be charged with the value of the rent of the land. The estate was entitled to the benefit arising from the use of the land, which is to be determined by its annual rental value. Upon these points in the case we think the court below rightly ruled.

VII. The foregoing discussion disposes of all questions of law in the case. The questions which are purely of fact we cannot consider, for the reason that as we have before said, we do not have all the evidence before us.

The judgment of the district court on both appeals is AFFIRMED.