SARAH SHUFFLER et al. v. W. G. TURNER, Administrator.

*Rents and Profits—Limitations—Charge—Measure of Damages—Agency—Trustee.*

1. In an action for the value of the rents and profits of a tract of land, it appeared that the defendant, who was administrator of plaintiff's intestate, entered as such into the possession of said land, and received the rents and profits to his own use for eleven years. The Court charged that the plaintiffs were entitled to recover the reasonable rental value for the entire period: *Held*, no error.

2. The defendant was properly allowed a deduction for taxes and improvements.

3. The defendant, according to his own admission, assuming to act as plaintiff's agent in the collection and application of the rents, cannot plead the statute of limitations unless there was a demand and a refusal, and then only from the time thereof.

4. This action was properly brought within three years after he gave up possession of the land.

This was a CIVIL ACTION, tried at the Fall Term, 1892, of BURKE Superior Court, before *Armfield, J.*

It was in evidence for the plaintiff that on the death of C. Shuffler in 1877, the defendant administered on his estate, took possession of his land known as the Beck place, held the same from 1878 to 1889, and received the rents and profits which were reasonably worth fifty dollars per annum; that the defendant's entry, possession and taking the rents and profits were not by contract with plaintiffs.

Defendant offered evidence tending to show that his possession and reception of profits was by plaintiff's consent.

Defendant asked the following charges to the jury:

"The plaintiffs, except the two youngest, are barred of any recovery in this action except for the rents of the last year that defendant received the rents of the Beck place. They cannot recover for any damages which accrued more than three years prior to the beginning of this action. The two youngest, Christopher and Ella Gray, can recover for the whole period, as they did not become of age until April 1, 1889, and March 29, 1892, respectively, but they can only recover their proportionate part of the damages, which, as there are eight children, would be one-eighth each.

"In assessing the damages sustained by the plaintiffs by reason of the defendant's occupation of the land and the reception of the rents and profits, you have a right to consider the evidence in regard to the payment of the taxes upon the land by the defendant, the fences and cribs built by him upon the land, and to allow the same in diminution of damages.

"The plaintiffs cannot recover of the defendant any damages for trespasses upon the land in controversy, or on account of the reception of the rents of said land by said defendant, unless said trespasses were committed within three years of the institution of the action, or unless said rents were received within said time, unless they show that they were infants

within the age of twenty-one years at the time, and did not become of age until within three years of the beginning of this action.

"If a demand was made upon the defendant by the plaintiffs in 1887 that he account for and pay over the rents, then all demands behind that year are barred by the statute.

"This action, being in trespass and for a tort, you cannot find any damages due the plaintiffs if you shall find that the defendant entered into possession of said land and received the rents and profits by the permission and by agreement with the plaintiffs."

This was refused, and defendant excepted to the refusal of each and every prayer for instruction.

The Court held that the plaintiffs' action was not barred by the statute, and instructed the jury to answer the issue as to it "No," and to this ruling defendant again excepted.

The Court charged the jury that the plaintiffs were entitled to recover the reasonable rental value of the land for the eleven years he had it in charge under proper cultivation, and to this charge the defendant excepted.

Motion for a new trial on the ground of error in the foregoing rulings. Motion denied and judgment rendered, and defendant appealed.

No counsel for plaintiffs.
*Mr. S. J. Ervin,* contra.

BURWELL, J.: The defendant admits that in 1877 he was appointed administrator of C. Shuffler, and in 1878 took possession of a tract of land, which had descended from his intestate to the plaintiffs, his heirs at law, and that he continued in possession of said land, receiving the rents and profits for eleven years, or till 1889.

His Honor told the jury that the plaintiffs were entitled to recover "the reasonable rental value of the land for the eleven years he had it in charge under proper cultivation."

We think this was the proper measure of the defendant's liability upon his own statement of the matter. The jury found that the annual rental value was forty dollars, and from this his Honor allowed a deduction of $117.60 for taxes on the land paid by defendant, and for improvements, and gave judgment for the balance.

We do not think that the statute of limitations bars the right of any one of the plaintiffs to recover of the defendant his or her share of the balance. According to his account, he assumed to act as the agent of the heirs to collect their rents, in order that he might apply them to the payment of the debts of his intestate in exoneration of their land. Having failed to so apply this fund, he must pay it to those to whom it belongs. He received their rents as agent for the plaintiffs, and no statute of limitations runs in his favor till demand and refusal, of which there is no evidence. This action was brought within three years after he gave up possession of the land.

We find no error in any of the rulings of his Honor, and the judgment must be                         Affirmed.