MELVILLE P. HALL, ADMINISTRATOR, vs. THE MERIDEN TRUST AND SAFE DEPOSIT COMPANY, ADMINISTRATOR.

Third Judicial District, New Haven, June Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

Although Courts of Probate and the Superior Court, when acting upon probate appeals, have ordinarily no jurisdiction to adjudicate the validity of claims presented against the estate of a deceased person, nevertheless, under the general principle that confers by implication all the incidental powers necessary to the discharge of those expressly granted, they may, in certain instances, and for certain purposes, pass to some extent upon such questions as, for example, in cases where an administrator credits himself in his account with expenditures made by him to discharge claims, or where he asks authority to raise money by the sale of real estate for the payment of debts, or where he seeks approval of a compromise.

In the exercise of its supervisory power over the settlement of estates, a Court of Probate may, by refusing to accept his final account or by other appropriate steps, compel an administrator to perform his duty of paying such claims against the estate as, upon examination, he concludes to be valid charges.

Hall *v.* Meriden Trust & Safe Deposit Co.

An administrator's return of claims need not, under a strict construction of § 4985 of the General Statutes, specify whether or not the several claims have been allowed or disallowed, but it is the common practice, and a commendable one, to incorporate such information in the return in order that the Court of Probate may be apprized of facts which may materially assist it in the performance of its duty of supervision; and while a statement in a return that a claim had been allowed would not be conclusive as between the administrator and the claimant, it would furnish strong evidence that such was the fact.

In the present case, the plaintiff, having stated in his return of claims that that of C and M was allowed, filed his final account, in which no mention of the claim was made. For this reason, among others, the Court of Probate rejected the account and, upon plaintiff's appeal, the Superior Court found that the claim constituted a charge against the estate and that some disposition must be made of it before the final settlement of the estate, but did not order that it be paid. *Held* that there was no error in the action of the Superior Court; and that upon the issues presented to it, evidence offered by the plaintiff that the claim had been paid in the lifetime of the deceased, was immaterial.

Under § 5027 of the General Statutes, executors and administrators have the care, possession and control of real estate pending the settlement of estates; they may execute leases and are entitled to all rentals; but these powers and duties exist solely for the benefit of creditors and distributees.

Whether or not it is the duty of an executor or administrator to lease, or otherwise render productive, the real estate entrusted to his care, depends upon all the circumstances involved in the particular case, ever bearing in mind that his primary duty is to effect as speedy a settlement of the estate as is reasonably possible.

If the assets of the estate are ample to meet all claims and legacies, and if a speedy settlement may be anticipated, reasonable prudence may not require that the real estate be rented; but, on the other hand, if such charges cannot be met without additional revenue and if the settlement of the estate may extend over a long period, then reasonable prudence under all the circumstances—always the test—may demand a different course.

Section 5027 provides that "the family of such decedent shall be allowed to remain in the dwelling-house occupied by him" until it is sold, distributed or otherwise disposed of. *Held* that the word "family," as used therein, has a narrower meaning than mere relationship, and designates the collective body of rela-

tives by blood or marriage who by some degree of permanent association formed the household of the decedent.

In the present case, the decedent's estate consisted principally of two houses, the other assets being insufficient to discharge the claims against it. From 1907, the date of the decedent's death, until 1923, the estate remained unsettled, and during this entire period, two daughters of the decedent, merely described in the finding as living with her at her death and apparently not dependent upon her, were permitted to occupy her dwelling-house rent free. *Held:*

1. That these daughters could not be held to be members of the "family" of the decedent within the meaning of § 5027.
2. That the plaintiff administrator, in the exercise of reasonable prudence, should have rented the house in question; and that the trial court properly surcharged him with an amount equal to its reasonable rental value for the entire period.

Submitted on briefs June 4th—decided July 30th, 1925.

APPEAL by the plaintiff from an order of the Court of Probate for the district of Meriden disallowing his final account as administrator of the estate of Sarah C. Hall, taken to the Superior Court in New Haven County and tried to the court, *Wolfe, J.;* judgment rendered correcting and modifying the account and accepting it only as a preliminary account, from which the plaintiff appealed. *No error.*

Sarah C. Hall died at Meriden August 14th, 1907, intestate, and the appellant was on November 11th, 1907, appointed administrator upon her estate. The Court of Probate limited a time for the presentation of claims and within that time Collins and Miller presented one to the amount of $3,515.78. On January 26th, 1909, the administrator filed a belated inventory showing the estate to consist of two houses valued at $8,400 and other property to the amount of $150. One of the houses had been occupied by the deceased with her two daughters, and after her death the daughters continued to live in it, without authority from the Court of Probate and without any agreement to pay

or payment of rent, until they were sold by the administrator in December, 1923. The other house was rented by him at $12 a month until that sale. During the intervening years, he paid the interest due upon a mortgage upon the houses, taxes and insurance premiums, and made expenditures for repairs, from his own funds and from the proceeds of a mortgage upon the houses given by him without authority from the Court of Probate; but he filed no account with the court. In December, 1923, he finally, upon order of the court, sold the real estate for $12,000, subject to the mortgage of $5,000 upon it, this price exceeding by $4,000 any offer he had before secured. When he applied for this order of sale, he made a return of claims in which he listed one to the amount of $3,515.78, as presented and allowed, without naming the claimant. In January, 1924, he filed his administration account, in which he charged himself with the amount of the property inventoried other than real estate, the rent received for the smaller house, the price received on the sale of the real estate less the mortgage, the mortgage loan secured by him on the property and sundry advances made by him to pay charges incurred on account of it; and he credited himself with various expenditures made on account of the property or in the administration of the estate, bringing the account to balance; but made no mention of the Collins and Miller claim.

The Court of Probate, at its hearing upon the account, found that there was due on this claim $4,018.84, struck out from the credit side items of taxes, insurance premiums, repairs and legal expenses amounting to that sum, and ordered that an item be added to the debit side, "Balance for payment notes evidencing Collins & Miller Claim, $4,018.84," and that the claim be paid from the amount received from the

sale of the real estate. Upon the appeal, the Superior Court held that neither of these changes in the account were proper, but added to the credit side an item of $5,400, representing the rent of the house occupied by the daughters after the intestate's death at $30 a month, which the parties stipulated to be its reasonable rental value; the court also found that the Collins and Miller claim had been allowed by the administrator, and that, his return to that effect not having been amended or the estate declared insolvent, it was a charge upon the estate; and it directed the allowance of the account, as modified by it, as a preliminary account, the balance created by the addition of the house rental to be accounted for in a subsequent final account.

*Robert A. Fosdick,* for the appellant (plaintiff).

*William C. Mueller,* for the appellee (defendant).

MALTBIE, J. One of the two decisive claims of error in this case grows out of the action of the trial court in regard to the Collins and Miller claim. As appellant points out, Courts of Probate, and the Superior Court acting upon appeals from them, have ordinarily no jurisdiction to adjudicate the validity of claims presented against an estate. *Isaac* v. *Stevens,* 13 Conn. 499, 505; *Bacon* v. *Thorp,* 27 Conn. 251, 262; *Davis* v. *Weed,* 44 Conn. 569, 575, 576; *Cone's Appeal,* 68 Conn. 84, 90, 35 Atl. 781. Courts of Probate do, however, possess certain incidental powers beyond the scope of those expressly confided to them, where such powers become necessary in the discharge of duties imposed upon them. *Hall* v. *Pierson,* 63 Conn. 332, 342, 28 Atl. 544. Among these is the power to determine for certain purposes, and to a greater or less de-

gree of certainty according to the particular case, whether claims presented constitute valid charges upon the estate, as, for example, where an administrator or executor credits himself on his accounting with expenditures made to pay them, or seeks authority to sell lands in order to pay debts of the estate, or asks the approval of a compromise. *Edmond* v. *Canfield,* 8 Conn. 87; *Wattles* v. *Hyde,* 9 Conn. 10, 14; *Davis* v. *Weed,* 44 Conn. 569, 576; *Chamberlin's Appeal,* 70 Conn. 363, 378, 39 Atl. 734; *Bidwell* v. *Beckwith,* 86 Conn. 462, 470, 85 Atl. 682. One of the chief duties of an executor or administrator is to pay such claims upon the estate as upon examination he concludes to be valid charges. *Brainerd* v. *Cowdrey,* 16 Conn. 1, 7; *Davenport* v. *Richards,* 16 Conn. 310, 321; *Pike* v. *Thorp,* 44 Conn. 450, 452. The Court of Probate has a supervisory power over, and can take appropriate steps to compel, the performance of that duty; *Isham* v. *Gilbert,* 3 Conn. 166, 170; and it might well refuse to accept a final account of a solvent estate before the discharge of a claim which had been allowed against it.

In the case before us, the administrator in the return of claims presented, which he was by statute required to make, listed the Collins and Miller claim as not only exhibited to him, but as one he had allowed. It is true that the statute, General Statutes, § 4985, only requires a return of claims presented, without any specification as to whether they have been allowed or not, but it is certainly not unusual to apprize the Court of Probate of those which have been allowed; Cleaveland, Hewitt & Clark, Probate Law and Practice of Conn., Form 62, p. 954; and since the information so disclosed may well be of material aid to the court in the performance of its duty of supervision over the settlement of the estate, that practice is commendable. *Davenport* v. *Richards,* 16 Conn. 310, 316. Such a

return is, of course, not conclusive as between the administrator and the claimant, and, despite it, the administrator may disallow the claim; but so formal a notification to the court does afford high evidence of his act, upon which, until he satisfies the court that the return ought not to be held binding upon him, the court is entitled to rely. *Husted* v. *Hoyt,* 12 Conn. 160; *Isaac* v. *Stevens,* 13 Conn. 499, 506; *Caulfield* v. *Green,* 73 Conn. 321, 324, 47 Atl. 334. The Superior Court has not directed that the Collins and Miller claim be paid, but has found it to be a charge upon the estate, as a basis for its order that the account presented should not be allowed as a final account, and that, before the estate can be closed, the administrator must dispose of it. Certainly no error can be predicated. upon that action; and if, as the appellant claims but the record does not show, the court rejected evidence that the claim had been paid in the lifetime of the deceased, its action was correct, because to the issue before it such evidence would not be material.

The other substantial claim of error is based upon the action of the trial court in surcharging the debit side of the account with the reasonable rental value of the house occupied by the two daughters of the intestate. Since 1855 we have had a statute which, subject to certain exceptions not now material, gives to an executor or administrator possession, care and control of the real estate belonging to the deceased at his death during the settlement of the estate, and vests in him all the products and income from it. General Statutes, § 5027.* Under this statute we have rec-

---

* Sec. 5027. CUSTODY OF ESTATES OF DECEASED PERSONS; RIGHTS OF FAMILY IN HOMESTEAD. The executors and administrators of deceased persons shall, during the settlement of the estates of such persons, have the possession, care and control of their real estate, and all the products and income of such real estate during such time

ognized the right of executors or administrators to the rentals due under existing leases and their power themselves to give leases good during the settlement of the estate; *Nichols* v. *Dayton,* 34 Conn. 65; *Lockwood* v. *Tracy,* 46 Conn. 447; *Harris* v. *Taylor,* 53 Conn. 500, 2 Atl. 749; *Pastine* v. *Altman,* 93 Conn. 707, 709, 107 Atl. 803; but we have never been called upon to determine whether it is their duty to lease the real estate brought within their control by the statute. While not trustees, executors and administrators do occupy a position in many respects analogous, for they have title or possession of the property of the estate solely for the benefit of those having valid charges upon it or entitled to share in its distribution; *Hall* v. *Pierson,* 63 Conn. 332, 352, 28 Atl. 544; *Ryder* v. *Lyon,* 85 Conn. 245, 253, 82 Atl. 673; and many of the rules determining the powers and duties of trustees apply to them. But one of the primary obligations resting upon an executor or administrator is to effect as speedy a settlement of the estate as is reasonably possible; *Wheeler's Appeal,* 70 Conn. 511, 515, 40 Atl. 452; *Ryder* v. *Lyon,* 85 Conn. 245, 252, 82 Atl. 573; and he ought not to continue to engage in business enter-

---

shall vest in them as personal property, unless such real estate has been specifically devised or directions given by will in regard to it inconsistent herewith; but the court may order surrender of the possession and control of such real estate to the heirs or devisees or to the widow, if the same shall be set to her as dower, or may during such settlement order distribution of said real estate. The family of such decedent shall be allowed to remain in the dwelling house occupied by him at the time of his death, and may occupy such land and buildings connected therewith as the court may consider necessary for their convenience and comfort until the same shall be sold, distributed or otherwise disposed of according to law. The above provisions shall not be construed so as to deprive a husband, being tenant by the courtesy, of the possession, care and control of the real estate of his deceased wife, nor of the rents, income and products thereof, during the settlement of the estate.

prises except where some unusual circumstances may justify it. *Hallock* v. *Smith*, 50 Conn. 127, 128. This duty to settle the estate enters largely into a determination as to whether he is obligated so to deal with it as to make it productive of income; and because of it, an executor or administrator is rarely charged with interest where he has failed to invest funds in his possession; *Boynton* v. *Dyer*, 35 Mass. (18 Pick.) 1, 7; *Wyckoff* v. *O'Neil*, 72 N. J. Eq. 880, 882, 67 Atl. 32; *In re Hagerty's Estate*, 105 Wash. 547, 178 Pac. 644; *Clark* v. *Knox*, 70 Ala. 607, 617; *Pennebaker* v. *Williams*, 136 Ky. 120, 145, 123 S. W. 6; although it may be his duty to invest them when they are to be retained by him for a considerable period. *Perkins* v. *Hollister*, 59 Vt. 348, 349, 7 Atl. 605; *Villard* v. *Villard*, 219 N. Y. 482, 498, 114 N. E. 789; *Dortch* v. *Dortch*, 71 N. C. 224. So with regard to making leases of the real estate in his control, hampered as he must be by the necessary limitation of such leases to the period of the settlement of the estate, and bound as he is to have the property ready for distribution as soon as the estate can be settled, an executor or administrator ordinarily is not chargeable with neglect merely by his failure to lease the real estate in his possession. The test to be applied to his conduct requires that he exercise ordinary prudence in the light of the circumstances surrounding him; *McClure* v. *Middletown Trust Co.*, 95 Conn. 148, 153, 110 Atl. 838; and that test might not require of him that he lease the premises. Indeed, his right of possession is in derogation of the common-law title of the heirs, and exists only that the funds derived from the property may be used to pay the charges upon the estate; *McManany* v. *Sheridan*, 81 Wis. 538, 542, 51 N. W. 1011; *Campau* v. *Campau*, 25 Mich. 127, 130; *Lewon* v. *Heath*, 53 Neb. 707, 74 N. W. 274; and even in the absence of per-

mission from the court, he might be justified by the apparent fact of abundant other assets which could be used to pay such charges in permitting the heirs to occupy the lands without charge, rather than himself attempt to secure rentals for which he would have at the last to account to them. *Remington* v. *American Bible Soc.*, 44 Conn. 512, 516; *Stovall* v. *Clay,* 108 Ala. 105, 110, 20 So. 387. On the other hand, where the executor or administrator has in his possession and control lands or houses which might be rented by him and has reason to anticipate that the estate cannot be settled for a considerable period of time, the same test of ordinary prudence in its management may require that he make a reasonable attempt to rent them.

Here no adequate reason appears for keeping the estate open so long and it must be assumed to have been the voluntary choice of the administrator; without authority from the Court of Probate, the premises were in the continued occupancy of two of the heirs; there was at all times an outstanding claim for the payment of which no resources were available other than the real estate in question; and the stipulation that the reasonable rental value of the premises was $30 a month shows that they were rentable. Had he closed the estate promptly, as he might apparently have done by a sale of the premises, there is nothing to indicate that there might not have been a substantial sum to apply upon the Collins and Miller claim, which his account shows was the only claim against the estate. As it is, substantially all that has been realized must go to discharge expenditures made by him in maintaining a home for the two daughters. It is true that the statute provides that "the family" of the decedent shall be allowed to remain in the dwelling-house occupied by him until it shall be sold, distributed or otherwise disposed of according to law.

The two daughters might under some circumstances come within the description of the family of the decedent, but used as it is in this statute in contradistinction to the words "heirs or devisees," whose occupancy is only allowable under authority of the Court of Probate, the word "family" must be given a narrower meaning than mere relationship, and be taken to designate the collective body of relatives by blood or marriage who together form the household of the decedent; *Hart* v. *Goldschmidt,* 51 Conn. 479, 480; *Dalton* v. *Knights of Columbus,* 80 Conn. 212, 215, 67 Atl. 510; *Holnback* v. *Wilson,* 159 Ill. 148, 42 N. E. 169; *Goss* v. *Harris,* 117 Ga. 345, 348, 43 S. E. 734; and to imply a degree of permanency in their association together. *Robbins* v. *Bangor Ry. & Elec. Co.,* 100 Me. 496, 506, 62 Atl. 136; *Tyson* v. *Reynolds,* 52 Iowa, 431, 3 N. W. 469; *Duncan* v. *Frank,* 8 Mo. App. 286, 289. The finding merely states that the daughters were living with the decedent in the house at her decease and did not appear to be dependent upon her, and that falls short of finding that they were members of her household. If the administrator proposed to keep the estate open, he should either have required the daughters to pay rent or should have rented the house to others. The trial court was right in sustaining the action of the Court of Probate in surcharging the account with the reasonable rental value of the premises. With the overruling of appellant's claim of error in this regard, his incidental contentions also fail; if the administrator did not expressly authorize the two daughters of the testatrix to occupy the premises, yet the finding of the trial court that he "permitted" them to do so follows from the fact that he had the right of possession and was under a duty to assert it against them; and evidence as to the rental value of the premises would be admissible as the basis for the determina-

tion of the amount which ought to be charged against the administrator for his neglect. *Shuffler* v. *Turner,* 111 N. C. 297, 16 S. E. 417; *In re Estate of Holderbaum,* 82 Iowa, 69, 74, 47 N. W. 898; *Allen* v. *Shanks,* 90 Tenn. 359, 387, 16 S. W. 715; *Burks* v. *Beall,* 77 Ga. 271, 3 S. E. 155.

There is no error.

In this opinion the other judges concurred.