DAVID BEATTIE *vs.* HARRISON HEWITT, ADMINISTRATOR, D. B. N. C. T. A. (ESTATE OF JOHN BEATTIE).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued March 8th—decided April 26th, 1932.

*Ellsworth B. Foote,* with whom, on the brief, were *David E. Fitzgerald, William L. Hadden* and *David E. Fitzgerald, Jr.,* for the appellant (plaintiff).

*Samuel E. Hoyt,* for the appellee (defendant).

*William B. Ely,* with whom was *Louis B. Zacher,* for Harry O. Miller and Julia A. M. Zacher, post-mortem creditors, appellees.

*William L. Beers,* with whom was *George E. Beers,* for estate of Howard C. Noble and Patrick O'Keefe, post-mortem creditors, appellees.

MALTBIE, C. J.   The appellant in this court appealed to the Superior Court from an order of the Court of Probate for the district of Guilford authorizing the

defendant as administrator to sell certain real estate forming a part of the estate of John Beattie. The Superior Court confirmed the decree and the appellant has appealed to this court. The Court of Probate is authorized, upon the application of an administrator, to order the sale of real estate forming a part of an estate "if it shall find reasonable cause therefor." The only assets now in the hands of the administrator aside from real estate consist of cash to the amount of $7735.58. There are unpaid ante-mortem claims which have been allowed amounting to some $300. There are certain post-mortem claims amounting to $46,228.02 which have never been allowed or disallowed by the administrator; no formal action has been taken to determine the validity of these claims, but the administrator has carefully examined and investigated them and knows of no defense against them. There are expenses of administration consisting of counsel fees of $500 and of sums due the administrator for his services to the amount of $8500, which have been approved by the Court of Probate in an account filed by the administrator, and other administration expenses incurred since the filing of the account. There are also post-mortem claims amounting to $45,540.39 which the administrator has disallowed and to recover which an action is pending. The administrator has received at different times offers for the land included in the order of sale of $7500, $12,000, $20,000, $45,000 and the one which led to the present application, .$66,500. The last offer is based upon a special opportunity of the bidder to sell from quarries on the land certain stone for a particular engineering work. The administrator in presenting the application placed before the court the facts as he understood them and left the decision to it without suggestion on his part.

While the fees of the administrator and his counsel

are spoken of in the finding as approved by the Court of Probate in the administrator's account, that account is clearly not a final one, nor does it appear that notice of its filing and an opportunity to be heard was given interested parties, and we cannot therefore regard the amounts named as adjudicated or fixed obligations of the estate. *Lawrence* v. *Security Co.*, 56 Conn. 423, 442, 15 Atl. 406. The post-mortem claims, aside from those disallowed by the administrator, are conceded in the brief to be based upon expenses incurred by the executors who preceded the defendant as the representatives of the estate in conducting a quarry business upon land of the estate in accordance with the provisions of the testator's will. These claims we discussed at length in *Hewitt* v. *Beattie*, 106 Conn. 602, 614, 138 Atl. 795, and we there pointed out that they were obligations which, under the statute (now § 5640 of the Revision of 1930) might, if the administrator refused to pay them, be enforced by action directly against the funds of the estate, but that the administrator might voluntarily pay them and the sums so paid might then be credited to him in his administration account if the Court of Probate was satisfied that they would have been recoverable under the statute. That where such claims are proper charges the latter course should be adopted is, of course, preferable to compelling the parties to resort to actions at law. The finding of the court that the administrator has carefully examined and investigated these claims and knows of no defense, is sufficient at least to give them a prima facie standing.

In determining whether or not an order of sale of the real estate of an estate should be made, the Court of Probate does not adjudicate the validity of claims against the estate, but only inquires into them so far as necessary to determine whether or not reasonable

cause exists to grant the order. *Hall* v. *Meriden Trust & Safe Deposit Co.,* 103 Conn. 226, 230, 130 Atl. 157. This aspect of the case the trial court considered and reached the conclusion that there had been such a prima facie showing of indebtedness as to justify an order of sale. This was an entirely reasonable conclusion for it to reach. The administrator had no adequate funds with which to pay the claims in the absence of the sale; apparently it will be necessary to pay them at some time out of the property of the estate; in addition there are very substantial administration expenses which also will have to be met. The trial court was amply justified in concluding that reasonable cause existed for the sale of real estate of the estate, and under the circumstances of the case it was not necessary before granting the order to wait until all claims had been finally adjudicated as proper charges. The fact that the present offer exceeds any before made for the land by more than $20,000 and that it was due to a special use the bidder had for the property were no doubt persuasive considerations leading the Court of Probate to its conclusion that the administrator should at this time be given authority to sell. There was no disregard of principles of law or abuse of discretion on the part of the Court of Probate in making the order and the Superior Court was right in confirming the decree.

There is no error.

In this opinion the other judges concurred.