## CONNECTICUT SAVINGS BANK
*vs.*
## SAMUEL MELNICK, ET AL.

Superior Court    New Haven County    File No. 57619

### MEMORANDUM FILED NOVEMBER 7, 1939.

*Clark, Hall & Peck,* of New Haven, for the Plaintiff.

*Louis Feinmark,* of New Haven, for the Defendants.

McEVOY, J. Joseph Melnick is a defendant and a son of the original owner. The original owner was also the mortgagor. She is no longer alive. The defendant Joseph Melnick is an heir of hers. Upon the death of his mother, Esther Melnick,

"the law cast" upon Joseph Melnick, son of the deceased, a part of the title. He is therefore, as to the plaintiff, an owner and not subject to rent until, at least, the plaintiff has taken possession and has obtained legal right to possession to the exclusion of this named defendant.

As authority for the proposition that this court may order the receiver to collect rent of this resident part owner, citation is made of *Hall vs. Meriden Trust & Safe Deposit Company,* 103 Conn. 226, 236.

That case bears no resemblance to the instant case. In that case the administrator was surcharged in the probate court because he permitted two daughters to occupy a house which belonged to the deceased, and it was there held that it was the duty of the administrator to rent the property and that, if he permitted the two daughters to live there he should have collected rents from them, otherwise he would be personally responsible for the reasonable value of the rent. In that case the administrator was the representative of the deceased owner, whose estate he was administering. In this case the mortgagee is attempting to foreclose and a receiver is acting for the benefit of all parties concerned. Under these different circumstances the receiver may not charge the part owner for rent until something further develops. The receiver is therefore advised not to attempt to collect rents from the present named part owner, Joseph Melnick, until the circumstances are legally altered.