F. Patrick Zailckas v. Estate of Michael J. Lawlor et al.

Superior Court New Haven County at Waterbury File No. 18506

Memorandum filed June 29, 1950

*Haskell A. Harris,* of Waterbury, for the Plaintiff.

*Healey & Monagan* and *James T. Healey,* of Waterbury, for the Defendants.

CORNELL, J. The demurrant is described as "the residuary devisee and legatee under the will of Retta M. Lawlor" in a petition to be permitted to intervene as a party defendant granted on March 20, 1950. Whether or not it was properly admitted as an intervener is a question not before the court at this stage of the proceedings. The record also suggests the matter of both the right and propriety of one party defendant demurring on the ground that the complaint (as here) or certain counts thereof state no cause of action against another defendant. However, no objection is raised to that procedure, in view of which, and the conclusion reached, the court is not impelled to interject any.

Considering the content of both counts as a whole, it may be gleaned that plaintiff seeks to recover for certain legal services allegedly rendered by him for the estate of Michael J. Lawlor, deceased, at the request of the executrix on Lawlor's will, who was his surviving wife, Margaret C. Lawlor (also known as Retta M. Lawlor), now also deceased.

Prior to 1882, when an executor on a will or an administrator on an estate, acting in his official capacity, employed agents, attorneys, or laborers, the liability to pay for them became his personal obligation, even though such services were procured for, and the benefit thereof accrued to, the estate which he was administering. *Taylor* v. *Mygatt,* 26 Conn. 184, 189. *Brown* v. *Eggleston,* 53 Conn. 110, 116. Recourse to the executor or administrator, personally, was the exclusive remedy of the creditor, since he had no claim for compensation against the estate.

*Hewitt* v. *Beattie,* 106 Conn. 602, 612. The enactment of the predecessor of what is now § 7954 of the General Statutes, however, conferred an additional remedy upon the creditor of such an executor or administrator for money paid or services rendered to him in his representative capacity which "ought equitably be paid out of the estate." *Brown* v. *Eggleston,* supra. This made immediate recourse to the funds of the estate available for the satisfaction of a debt meeting the requirements of the statute in lieu of reduction of the same to judgment against the executor or administrator, individually, and the latter's seeking indemnity for what he paid out personally, by way of the approval of his account containing such item, in the Court of Probate. *Beattie* v. *Hewitt,* 114 Conn. 689, 692; 159 Atl. 890. The cumulative remedy afforded by the statute in a proper case made no change in the nature of the obligation incurred by an executor or administrator in the performance of his duties, so that recourse to such official individually persists as well since the enactment of the statute as it did before that event. *Hewitt* v. *Beattie,* 106 Conn., supra. Moreover, it may be enforced against the estate in the hands of his successor, as an administrator d. b. n. (*Hewitt* v. *Beattie,* supra), where previously the creditor of an executor or administrator, if either deceased before paying him, was compelled to seek satisfaction of his debt from the official administering his estate.

In the first count of the substituted complaint, it is alleged in substance that Margaret C. Lawlor was named as executor on the will of her late deceased husband, Michael J. Lawlor, who died on September 16, 1946, and was confirmed as such on October 3, 1946; that on September 16, 1946 (it would seem) she qualified and on that day retained plaintiff's services as an attorney "for the administration" of the estate, following which plaintiff performed services of the reasonable value of $6000, for which the "defendants" refuse to make payment. The "defendants" are named as follows in the writ and complaint: "Estate of Michael J. Lawlor, Marguerite Dwyer, administratrix, d. b. n. c. t. a. and the estate of Retta M. Lawlor, Marguerite Dwyer, Executrix . . ." etc. Liberally translated, this description may be taken to mean that the parties are two in number, one of whom is Marguerite Dwyer in her official capacity of administratrix d. b. n. c. t. a. on the estate of Michael J. Lawlor, deceased, and the other, Marguerite Dwyer in her official capacity as executrix on the will of Retta M. Lawlor, deceased, the latter having been executrix on the will of Michael J. Lawlor.

The demurrer does not challenge any cause of action alleged in the substituted complaint against Marguerite Dwyer as administratrix, d. b. n. c. t. a., as the successor of Margaret C. Lawlor as executrix on the will of Michael C. Lawlor. It is leveled at the first count insofar as the latter states a cause of action against Marguerite Dwyer as the executrix on the will of Retta M. Lawlor (who is the "Margaret Lawlor" above described as the executrix on the will of Michael C. Lawlor, deceased)

On the review of the authorities recited supra, it would appear on the allegations contained in the first count that plaintiff became the creditor of Margaret C. Lawlor individually when he rendered the specified services at her instance while she acted as executrix on her husband's will in administering the latter's estate. When she deceased, as is alleged, without having compensated him, plaintiff, of course, sustained the relation of the holder of an antemortem claim against her estate and, of course, was obligated to file the same with defendant Marguerite Dwyer as executrix on the will of said Margaret C. Lawlor. General Statutes § 6990. The demurrer recites that no such claim was filed by plaintiff "within the time limited by the Court of Probate." Whether, of course, the Court of Probate passed an order limiting the period within which claims for antemortem obligations were required to be presented to the executrix is a question of fact. There is no allegation to that effect in the first count of the complaint and, in view of the absence of same, none could be admitted by the demurrer. The demurrer, therefore, is based on an assumption of a material fact that does not appear in the pleading to which it is addressed. There is an adequate statement of the purport referred to in the "Motion for Permission to Intervene and Defend," which has to do only with the subject of the demurring defendant's admission as an intervener and forms no part of the pleadings in the case otherwise. The demurrer to the first count is, in consequence, bad, and must be and is, overruled.

No discussion of the allegation of the second count is required. The foregoing observations applied to the first count are equally pertinent to the other, and the demurrer to the second count is, accordingly, overruled.