[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Ruling on Motions in Limine
The court rules as follows on defendant Vincent Diana's motions in limine.
Motion #193.25
The motion in limine to exclude evidence of emotional distress under CUTPA is granted. CUTPA is concerned with matters of "trade or commerce." General Statutes § 42-110b (a). Its hallmark is "unjustified consumer injury." (Internal quotation marks omitted). Williams Ford, Inc. v.Hartford Courant, 232 Conn. 559, 592, 657 A.2d 212 (1995). To that end, CUTPA provides a remedy for "[a]ny person who suffers any ascertainable loss of money or property." General Statutes § 42-110g (a). The plaintiffs' claim that monies expended for emotional distress represent a "loss of money" within this provision masks the reality that the occurrence of emotional distress is more of a loss of mental stability than a loss of money. While CUTPA is a remedial statute, see General Statutes § 42-110b (d), the General Assembly did not chose to employ an open-ended remedies provision as it did elsewhere. See Ford v. BlueCross Blue Shield of Connecticut, Inc., 216 Conn. 40, 62-63,578 A.2d 1054 (1990) (holding that General Statutes § 31-290a, which provides that an employees bringing certain types of wrongful termination actions may seek reinstatement, back pay, "and any other damages caused by such discrimination or discharge," allows for the recovery for emotional distress). Litigants claiming both damages under CUTPA and damages for infliction of emotional distress have generally set out these claims in separate counts. See Doe v. Marselle, 236 Conn. 845, 847-48,675 A.2d 835 (1996); Ancona v. Manafort Brothers, Inc., 56 Conn. App. 701,711, 746 A.2d 184 (2000). For all these reasons, the court believes that emotional distress damages are not available under CUTPA.
Motion #193.50
The motion in limine to exclude matters resolved in the probate appeal is denied. Because the probate court proceedings were recorded, the proper standard of review in the probate appeal was abuse of discretion. See Andrews v. Gorby, 237 Conn. 12, 15-16, 675 A.2d 449 (1996). The plaintiff in the probate appeal, who is also one of the plaintiff's here, appropriately phrased most of the reasons for appeal in terms of whether the probate court abused its discretion and Judge Hale resolved these issues employing the abuse of discretion standard. Judge Hale's finding that the probate court did not abuse its discretion in making certain CT Page 10849 rulings is not equivalent to a finding that the ruling was correct or that the underlying conduct was proper. Therefore, Judge Hale's findings do not decide the issues in this case, which involve the ultimate propriety of the parties' conduct, and these findings do not have collateral estoppel or res judicata effect.
The only arguable exception is Judge Hale's finding on page 11 of his decision that defendant Diana's payment of fees for Elsie Bradley out of the estate of Elizabeth Anderson was not improper. On this issue, neither the reason for appeal nor Judge Hale's finding expressly employed the abuse of discretion standard. However, from Judge Hale's reference to the fact that the probate court was aware of and approved these payments, it appears that the court employed the abuse of discretion standard implicitly. This court will not, in any event, presume that Judge Hale employed the wrong standard of review, particularly given that neither party took appeal from his decision. Thus, the finding by Judge Hale on page 11 concerning payment of fees should also not have preclusive effect in this case.
Motion #193.75
The motion in limine is granted insofar as the defendant seeks to exclude evidence under CUTPA concerning defendant Diana's representation, as an attorney, of the executrix. See Haynes v. Yale-NewHaven Hospital, 243 Conn. 17, 34-35, 699 A.2d 964 (1997). However, evidence of Diana's billing for his time or his expenses or other "entrepreneurial or commercial aspects of the profession of law," id., 35, would be admissible under CUTPA if Diana had a duty to the plaintiff's. Although Diana did not represent the plaintiff's, they were not "party opponent[s]" at the time. Cf. Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 722-29, 627 A.2d 374 (1993). Diana may still have had a duty to them with regard to his billing practices given that his fees would come from the estate of which they were potential beneficiaries. See Krawczyk v. Stingle, 208 Conn. 239, 245, 543 A.2d 733 (1988). As stated with reference to motion #202.00, this court cannot resolve the issue of duty on the present record and thus, at this time, it is unclear whether any evidence of Diana's billing practices as attorney would be admissible.
The motion in limine is also granted, with a similar exception, in regard to Diana's role as administrator of the estate. Administrators are no more engaged in "trade or commerce" within CUTPA than are doctors or lawyers. See Haynes v. Yale-New Haven Hospital, supra, 243 Conn. 34-35;Heslin v. Connecticut Law Clinic, 190 Conn. 510, 516-17, 461 A.2d 938
(1983). Administrators instead are "trustees or agents, acting not for their own benefit, but for the benefit of all who have an interest in the CT Page 10850 estate." (Internal quotation marks omitted). City National Bank,Administrator v. City of Bridgeport, 109 Conn. 529, 539, 147 A. 181
(1929). Under the exception stated above, only evidence of Diana's expenses or billing practices as administrator would fall within CUTPA, and only then if Diana had a duty to the plaintiff's. Here again, the court reserves the issue of duty for the trial judge.
The defendant has failed to brief adequately the claim that the plaintiff's are "suing to recover legal fees expended in lawsuits involving the Estate." The court therefore does not decide whatever issue this aspect of the motion raises.
Motion #202.00
The motion in limine to exclude evidence of attempts to settle certain probate claims is denied without prejudice. As stated above, this court cannot say at this time that defendant Diana had no duty to the plaintiff's to settle a disputed stock claim because an administrator of an estate has a duty to those "entitled to share in its distribution,"Hall v. Meriden Trust and Safe Co., 103 Conn. 226, 233, 130 A. 157
(1925), and even the attorney for the executrix might have a duty to a potential beneficiary of the estate if "the primary or direct purpose of the transaction was to benefit the third party." Krawczyk v. Stingle, supra, 208 Conn. 245. A ruling on the question of duty thus depends on the likelihood that the plaintiff's would inherit from the estate as well as the nature of the particular transaction in question. The court does not have sufficient facts on these issues at the present time.
Assuming, however, that Diana did have a duty to the plaintiff's to settle disputed stock claims, admission into evidence of his related actions and statements would not violate Connecticut Code of Evidence § 4-8. To the extent that the defendant made "an offer to compromise or settle a disputed claim" under § 4-8 (a) that the plaintiff's seek to admit, that offer was not made in the case at bar and thus its admission would not compromise the public policy behind exclusion of offers to compromise. See Commentary, Connecticut Code of Evidence §4-8 (a). It appears, however, that the plaintiff's are not so much seeking to admit "an offer to compromise or settle a disputed claim," as they are the defendant's alleged failure to settle a disputed claim. Such an effort seems proper and essential in an action alleging, among other things, that the defendant's failure to settle the claim constituted professional negligence or breach of fiduciary duty.
It is so ordered. August 7, 2001.
Carl J. Schuman Judge, Superior Court CT Page 10851