HOMER N. POPE *vs.* HATTIE P. ROGERS ET ALS.

Third Judicial District, New Haven, June Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, JS.

While the proponents of an instrument alleged to be a will are bound
to prove its due execution, they are not required to establish the
essential facts by the testimony of the subscribing witnesses, nor
to prove them beyond a reasonable doubt; all that is necessary is
that upon the entire evidence it should appear to be more prob-
able than otherwise that the instrument was executed in the
manner required by the statute.

In the present case the contestants of the alleged will claimed that
it was a mere blank sheet of paper when the subscribing witnesses
signed it. Respecting this issue, the jury were instructed that in
order to establish the due execution of the instrument, which upon
its production in court appeared to be a valid typewritten will,
it was necessary for the proponents to prove that it contained all
the present typewritten matter when the witnesses signed it; that
it then bore the signature of the testator; that the witnesses saw
this signature when they subscribed their names; and that the tes-
tator informed the witnesses—who did not see him write his name—
that the signature was his. *Held* that these instructions fully and
correctly stated the law applicable to the situation; and that the
evidence was sufficient to justify the jury in finding that the in-
strument had been executed in conformity with these requirements.

Submitted on briefs June 11th—decided July 23d, 1918.

APPEAL by the plaintiff from a decree of the Court
of Probate for the district of Derby, approving and ad-
mitting to probate a written instrument as the last will
of Frederick J. Pope of Derby, deceased, taken to the Su-
perior Court in New Haven County and tried to the jury
before *Curtis, J.;* verdict and judgment for the defend-
ants, sustaining the will and confirming the action of the
Court of Probate, and appeal by the plaintiff. *No error.*

On the first trial in the Superior Court a verdict was
directed for the proponents, and this court held, on
appeal, that the facts did not show due execution of the
instrument, and ordered a new trial for the reasons

stated in *Pope* v. *Rogers*, 92 Conn. 248, 102 Atl. 583. On the first trial no evidence of the due execution of the will was offered other than the testimony of the three attesting witnesses who were pupils at the testator's school for boys and girls. Their testimony was, in substance, that Mr. Pope, who had been seated at his desk in the schoolroom, left it carrying a paper in his hand and approached a table at which the three pupils were seated. He thereupon presented the paper and asked the three, in turn, to sign it, and they complied by writing their names successively the one under the other. None of them noticed Mr. Pope's signature on the paper when they signed it, or that he signed it in their presence, or that it then had on it any part of the typewriting which now forms the body of the instrument, and none knew from observation or from any statement made by Mr. Pope what the paper was or why they were asked to sign it.

On the second trial their testimony was to the same effect, but was supplemented by the testimony of two girls, also pupils of Mr. Pope, who testified that they saw Mr. Pope take the paper from his desk, unfold it and write something upon it; that he then took it to the three boys and asked them to sign it, and when all had done so asked them whether they knew what they had signed, and on their saying they did not, he said to them, "It is my will." The paper itself shows that the signature of the testator and of the three witnesses were written over and upon the lines made by the typewriter for that purpose, and the appearance of the folds indicates that the instrument was typewritten before it was folded.

*Harrison Hewitt* and *Charles E. Clark*, for the appellant (plaintiff).

*Charles S. Hamilton*, for the appellees (defendants).

BEACH, J. Upon its face the paper is a valid will, and the facts necessary, under the circumstances of this case, to prove its due execution, were correctly stated by the court in its charge to the jury. They are, first, that the paper, Exhibit A, contained all the typewritten matter now on it when signed by the testator and the witnesses; second, that the signature of the testator was, on Exhibit A, as it now appears, when the witnesses signed it; third, that the witnesses saw the signature of the testator on the paper at the time they signed it; and fourth, that the testator informed the witnesses (who did not see him write it) that the signature was his own.

The burden of proof was on the proponents to establish these facts, but they were not bound to establish them by the testimony of the subscribing witnesses, and they were not bound to prove them beyond a reasonable doubt. All that was necessary was that upon the whole proof it should reasonably appear more probable than otherwise that the instrument was executed in the manner required by the statute.

The first requirement stated by the court was sufficiently evidenced by the appearance of the paper, which shows conclusively that the typewritten lines prepared for the signatures of the testator and witnesses were on the paper before they signed it; and the appearance of the folds indicates that the rest of the typewritten matter was placed on the paper before it was folded, and before the testator unfolded it for his own signature and for the signatures of the witnesses. The adjustment of the rest of the typewriting to the lines left for signatures, and the extreme improbability of four persons writing their names on a blank piece of paper without any comment being made at the time, are also proper considerations for the jury.

The second requirement was met by the testimony

of the two girls who saw the testator unfold the paper and write something on it before he presented it for the signatures of the witnesses. As every other stroke of handwriting on the paper is otherwise accounted for, the only thing the testator could have then written on it, was his own signature as it now appears thereon.

And since the signature was there when the witnesses signed their names as witnesses in close proximity to it, the jury may well have refused to believe that they did not then see it. Their whole testimony was discredited, so far as the accuracy of their present recollection was concerned, by an affidavit executed when the paper was first offered for probate, in which they stated under oath that they saw the testator sign the paper, that he declared it to be his last will, and that they signed it as witnesses in his presence and at his request.

The fourth requirement, that the testator must have informed the witnesses that the signature on the paper was his own, is fairly satisfied by the testator's declaration that the paper was his will. Under the circumstances, this statement was a sufficient declaration to the witnesses that the signature which they had just seen and witnessed was his own.

For these reasons the motion to set aside the verdict was properly denied.

The assignments of error based upon alleged errors and omissions in the charge of the court, are overruled. The law, so far as it is applicable to this case, is fully and correctly stated in the four propositions already discussed, and in this and other respects the court charged the jury in accordance with the substance though not the language, of the contestants' requests to charge.

There is no error.

In this opinion the other judges concurred.