MARY A. KAST *vs.* JAMES A. TURLEY, EXECUTOR (ESTATE OF MARY E. TURLEY).

Third Judicial District, New Haven, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 28th—decided March 31st, 1930.

*Frank P. McEvoy,* with whom was *A. Henry Weisman,* for the appellant (plaintiff).

*William B. Fitzgerald,* with whom, on the brief, was *Ulysses G. Church,* for the appellee (defendant).

HINMAN, J. The assignments of error pertaining to the charge as given relate, with one exception, to the subject of the execution of the will in compliance with the formalities prescribed by statute. The court was correct in stating that the first two reasons of appeal from probate raise the issue of testamentary capacity of the testatrix, and the remaining three present the question of undue influence. No issue of the execution of the will with the requisite legal formalities was expressly raised. It appears from the finding that evidence as to the formal execution was given by one of the witnesses to the will and by the attorney who drafted it and was present at its execution, and that no evidence to the contrary was introduced. The trial court was warranted in regarding the controverted issues as confined to questions of testamentary capacity and undue influence. The charge that the

burden of proof of compliance with the formal requirements was upon the proponents of the will, with the subsequent recital of the formalities which the statute requires, afforded ample instruction upon this point, under the circumstances. The court's expression of opinion that, upon the testimony, the question of execution presented little difficulty, the determination being, nevertheless, left to the jury, was justified by the record and well within the bounds of permissible comment. *Morro* v. *Brockett,* 109 Conn. 87, 91, 145 Atl. 659. The finding as to the evidence offered on the question of testamentary capacity affords sufficient warrant for the comment by the court to the effect that, in its opinion, a conclusion therefrom that the testatrix, at the time she executed the will, was of sufficient intelligence to know what she was doing, would be reasonable. The charge on this issue was accurate and adequate, and the duty of its determination was repeatedly and unqualifiedly committed to the jury.

Under the assignments relating to refusal to charge the jury in accordance with several of appellant's requests, it appears to be conceded that the essential propositions of law set forth or referred to therein, which were applicable to the issues involved, were charged with substantial accuracy. The complaint made is that the court, in applying those propositions to the facts of the case, failed to stress particularly certain claimed facts stated or emphasized in the requests to charge.

As to this, the requests exceeded in form and substance the limitations contemplated by the rule governing their submission. Practice Book (insert) p. 275. This specifies that requests shall state, separately, single propositions of law claimed to be applicable to the issues and facts of the case. It is for the

trial court to give such further instructions as to the application of these principles of law to the facts as the circumstances reasonably require, the purpose being, not to supplant or supplement arguments of counsel as to the truth or significance of claimed facts, but to assist the jury in so applying the law to the facts as they find them to be as to lead to an intelligent and correct conclusion. *Laukaitis* v. *Klikna,* 104 Conn. 355, 360, 132 Atl. 913. The extent to which recital of conflicting claims of proof is advisable or helpful varies widely in different cases. *Morosini* v. *Davis,* 110 Conn. 358, 363, 148 Atl. 371. It is obvious that such claims made and set forth in requests by one party may not be included, properly, in a charge without a fair statement of opposing claims, nor should certain claimed facts be accorded a comparative weight or bearing beyond that to which they are legitimately entitled. *Hobbes' Appeal,* 73 Conn. 462, 468, 47 Atl. 678.

The will of the testatrix included a statement that the reason that she had not made provision therein for her husband, her daughter Mrs. Kast (the appellant), and her son George A. Turley was "that I have made adequate provisions for them during my lifetime, and rely upon my said son, James Anthony Turley, to make just provisions for them after my death if the circumstances and conditions warrant the same." The appellant requested a charge referring to this provision and that if the jury found that this statement as to provision for her husband and other children was not true "then you should take these facts into consideration and decide" whether the testatrix had testamentary capacity—understood what she was doing—or whether or not these statements were inserted in the will by reason of undue influence of James. The practical effect of such an instruction

would be to convey an impression that the question of the truth of this statement in the will was a decisive criterion of the testamentary capacity of Mrs. Turley or of her subjection to or freedom from undue influence, and to magnify the importance and significance of these considerations. Also, to fairly present it would have required a discussion, further, of the many financial transactions in evidence, by which, the appellee claimed, these several persons, as well as the testatrix, had been aided by him in the past, and he had been recompensed therefor, to some extent, by transfer of property by the testatrix to him. In the charge as given, the particular attention of the jury was explicitly and clearly directed to the will itself and its provisions, and the circumstances under which it was executed and they were instructed to consider "whether, under all the circumstances disclosed, any of its provisions show indications of unsoundness or soundness of mind of the testatrix, or the exercise of undue influence upon her." This, taken in connection with other portions of the charge, was sufficient. *Turner's Appeal,* 72 Conn. 305, 321, 44 Atl. 310.

Another request sought to single out for special consideration, as tending to indicate exercise of undue influence, evidence that, in May, 1914, the testatrix made and delivered to James a deed of the dwellinghouse in which she lived in Waterbury, and that he kept it in his possession, unrecorded, until February, 1928. Another referred, in the same manner, to the placing by the testatrix of her savings bank accounts in her name and that of James, jointly, and the withdrawal thereof by the latter. The conflicting evidence as to these transactions, and the claimed incentives and reasons for them were concisely but sufficiently reviewed by the trial court in the course of its

charge, and correct instructions given as to their bearing upon the questions to be determined.

We discover in the finding no support for the assertion, in the ninth request, that the appellee gave testimony as therein attributed to him as to the treatment accorded her mother by the appellant, nor force in the claim that the giving of such testimony, if found untrue, should be taken as indicating that at the time of the execution of the will (in 1914). James was attempting to prejudice his mother against his sister. *Goodno* v. *Hotchkiss,* 88 Conn. 655, 664, 92 Atl. 419. The charge sufficiently and properly directed the jury to a consideration of the conditions surrounding the testatrix, her relations to and with her several children, and the reasons and motives suggested by the evidence as actuating her in making the disposition of her property contemplated by the will.

Especially as the appellant does not claim that the appellee occupied a relation of special trust and confidence to the testatrix, within *Page* v. *Phelps,* 108 Conn. 572, 143 Atl. 890, the instruction just mentioned and other portions of the charge sufficiently covered the requests (twelve and thirteen) pertaining to the position of the appellant with relation to the testatrix. The same situation obtains as to the request (fourteen) relating to the apparent preference by the will in favor of James over the other natural objects of testatrix's bounty, and the consideration (fifteen) as to whether such disposition was a natural or an unnatural act under all the circumstances. *Wheeler* v. *Rockett,* 91 Conn. 388, 394, 100 Atl. 13.

The record indicates that the appellant made no motion to set aside the verdict sustaining the will. This must be construed as implying that, if the charge was correct in law and sufficient for the guidance of the jury, the verdict rendered could have been arrived

at reasonably upon the evidence presented. We hold that the charge was adequate to the requirements of the case.

There is no error.

In this opinion the other judges concurred.