ELLENA P. CRANE *v.* MARY E. MANCHESTER, EXECUTRIX (ESTATE OF LUCY J. MEEKER), ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued May 8—decided June 19, 1956

*Nelson Harris,* with whom, on the brief, was *Joseph R. Apter,* for the appellant (plaintiff).

*J. Stephen Knight,* for the appellees (defendants).

DALY, J. Lucy J. Meeker of New Haven died on February 25, 1955, leaving an instrument dated November 23, 1953, and another dated September 30, 1954, which on March 4, 1955, were admitted to probate as her last will and a codicil thereto. From this decree the plaintiff, a grandniece of the deceased, appealed to the Superior Court, alleging in her reasons of appeal that at the time the decedent executed the instruments, and for some time prior thereto, she lacked testamentary capacity and that the instruments offered for probate and admitted by the Probate Court are not the last will and

codicil of the deceased. The court directed a verdict for the defendants and judgment was rendered thereon. The plaintiff appealed, claiming that the court erred in directing a verdict for the defendants, in denying her motion to set aside the verdict and in rulings on evidence. In addition she seeks several corrections in the finding.

The named defendant is a legatee and the executrix named in the instrument claimed by the defendants to be the last will of the decedent. The other defendants are named legatees or devisees in either the will or the codicil. At the trial, the persons whose names appear on the will and the codicil as attesting witnesses testified that they were present at and attested the execution of the instruments by the decedent, that they subscribed in the presence of the decedent and each other, that she appeared to be of sound mind, and to other facts which the defendants contend prove that all of the statutory requirements for the execution of a will or codicil were complied with. The plaintiff offered no witnesses but cross-examined the defendants' witnesses. After the evidence had been presented, the plaintiff made a motion for a directed verdict; the defendants, likewise, moved for a directed verdict. The court denied the plaintiff's motion and granted the motion of the defendants upon the ground that only a verdict in favor of the defendants would be proper upon the evidence.

Section 6950 of the General Statutes provides that any person of the age of eighteen years and of sound mind may dispose of his or her estate by will. Section 6951 provides that "[n]o will or codicil shall be valid to pass any estate unless it be in writing, subscribed by the testator and attested by three witnesses, each of them subscribing in his presence."

This section is prohibitive and exhaustive with relation to one's power to dispose of property after death by will, that is, by bequest or devise. *Costello* v. *Costello,* 136 Conn. 611, 614, 73 A.2d 333; *Hatheway* v. *Smith,* 79 Conn. 506, 512, 65 A. 1058. The appeal from the decree of the Probate Court accepting the will and the codicil took up to the Superior Court for retrial the special statutory issue whether the will and the codicil were valid, to be decided in the same manner as if it had not been decided in the Probate Court, and the burden of proving it rested upon the defendants as the proponents of the will. The filing by the plaintiff of her reasons of appeal did not and could not change the statutory issue as to the validity of the will or relieve the defendants of the burden of proving due execution as well as testamentary capacity. *Boschen* v. *Second National Bank,* 130 Conn. 501, 503, 35 A.2d 849; *Livingston's Appeal,* 63 Conn. 68, 75, 26 A. 470; see *Kast* v. *Turley,* 111 Conn. 253, 256, 149 A. 673; *Pope* v. *Rogers,* 93 Conn. 53, 55, 104 A. 241; *Lockwood* v. *Lockwood,* 80 Conn. 513, 520, 69 A. 8. Since the defendants had the burden of proof, the failure of the plaintiff to offer any witnesses to contradict the evidence offered by them gives no support to their claim that upon the evidence presented the court did not err in directing a verdict for them. They could prevail not by reason of the weakness of the plaintiff's case but only by the strength of their own. *Silva* v. *Hartford,* 141 Conn. 126, 128, 104 A.2d 210; *Thaw* v. *Fairfield,* 132 Conn. 173, 179, 43 A.2d 65.

It is elementary that the jury are the judges of the credibility of witnesses. *Zullo* v. *Zullo,* 138 Conn. 712, 715, 89 A.2d 216. By repeated decisions we have held that it is not for the court to substitute its own estimate of the proper weight and value of testimony

for one that the jury, traveling by fair methods and disregarding no rule of law, find reasonably open to them. There was evidence to go to the jury, and the weight to be accorded to it by them was within their exclusive right as the sole triers of fact. *Raughtigan* v. *Norwich Nickel & Brass Co.,* 86 Conn. 281, 288, 85 A. 517. It was the jury's province to determine whether the defendants had sustained their burden of proof, and the court, with proper instructions, should have submitted that determination to the jury. If the court had the opinion that the questions of execution of the instruments in accordance with the requirements of law and testamentary capacity presented little difficulty, the determination of those questions, nevertheless, should have been left to the jury. See *Kast* v. *Turley,* 111 Conn. 253, 257, 149 A. 673. The court erred in directing the verdict for the defendants and in denying the plaintiff's motion to set it aside.

The result reached by us makes it unnecessary to discuss the other assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.