MORRIS SILVERSTEIN *v.* RICHARD B. LASCHEVER, ADMINISTRATOR (ESTATE OF ESTHER S. SILVERSTEIN), ET AL.
(AC 28917)

Gruendel, Robinson and Pellegrino, Js.

Argued October 22, 2008—officially released March 31, 2009

*Morris Silverstein*, pro se, the appellant (plaintiff).

*Richard B. Laschever*, pro se, the appellee (named defendant).

*Opinion*

ROBINSON, J. The plaintiff, Morris Silverstein, appeals from the judgment of the Superior Court upholding the order of the Probate Court for the district of Andover that mortgages be placed on certain land that is part of the estate of Esther S. Silverstein (estate) and allowing certain fees to be charged to the estate. The plaintiff claims that (1) the mortgages ordered by the Probate Court to be placed on property located in Columbia (Columbia property) are void and (2) the Superior Court should have found that certain fees incurred by the defendant administrator of the estate, Richard B. Laschever, and his attorney were the administrator's personal obligations. We reverse the judgment of the trial court.

The decedent, Esther S. Silverstein, died intestate in 1969, and numerous cases related to disputes over her estate have traveled extensively through the probate, trial and appellate systems. The plaintiff is an heir of the decedent and one of her children. We begin with a recitation of the facts and procedural history from the Superior Court's May 30, 2007 memorandum of decision, which led to the plaintiff's appeal. "The case has had a long and tortuous history since the death of the decedent in 1969. . . . In October, 1994, the administrator of the estate filed a final accounting with the Probate Court. On December 23, 1994, the Probate Court approved the administrator's final accounting and ordered that the [rest, residue and remainder] of the estate be distributed [by the fiduciary of the estate] in accordance with the proposed distribution. The proposed distribution provided that the equity in the Columbia property be distributed by thirds to each of the heirs. The Probate Court also approved payment of administrative fees in the amount of $18,300 [to the administrator and his attorney, George Goodberg]. That order was appealed by the plaintiff in March, 1995. By decision dated January 8, 1998, the Superior Court, *Klaczak, J.*, ruled on the seventeen issues raised by the plaintiff in the appeal . . . ."[1]

The Superior Court found the first fifteen reasons for appeal to be without merit. The final two claims were

---

[1] The court noted in the January 8, 1998 memorandum of decision that the plaintiff was the administrator of the decedent's estate from March 8, 1969, until October 31, 1989, when he was removed for improper performance of his duties. This judgment was affirmed in *Morris Silverstein's Appeal from Probate*, 24 Conn. App. 818, 587 A.2d 173 (1991), aff'd, 29 Conn. App. 904, 614 A.2d 496 (1992). After his removal as the administrator, the plaintiff appealed from the decree of the Probate Court approving the final accounting, which was affirmed in *Morris Silverstein's Appeal from Probate*, 29 Conn. App. 904, 614 A.2d 496, cert. denied, 224 Conn. 919, 617 A.2d 173 (1992).

Laschever is defending the position of the estate in this appeal.

that a request to mortgage the Columbia property be denied and that the Probate Court take into account a payment of taxes on behalf of the estate.[2] The Superior Court disallowed both of these claims because they were not properly before the court in an appeal from a final accounting. The Superior Court referred the matter back to the Probate Court for the filing of a supplemental or amended final accounting in light of certain disclosures made during trial that the plaintiff improperly received funds belonging to the estate after he was removed as administrator; the Superior Court also made a minor correction to the administrator's fee.[3] The plaintiff appealed, and the decision was affirmed in *Silverstein* v. *Laschever*, 54 Conn. App. 901, 733 A.2d 924, cert. denied, 251 Conn. 905, 738 A.2d 1091 (1999).

On January 15, 2004, the Probate Court for the district of Andover approved the administrator's September 25, 2003 application to sell the Columbia property.[4] The plaintiff appealed to the Superior Court for the judicial district of Tolland, and on February 24, 2005, the Superior Court reversed the order of the Probate Court granting the application to sell the Columbia property. The Superior Court found that the prior Superior Court decision had made no contrary orders regarding the Probate Court's 1994 order of distribution and held that it could not modify that order by permitting the sale rather than

[2] The mortgages at issue in the 1998 appeal had been granted in favor of Dorothy Mitchell and Samuel Silverstein, the other heirs of Esther S. Silverstein and the plaintiff's sister and brother. They are not the mortgages at issue in this appeal.

[3] The court noted that the January 8, 1998 decision "did not address the order of distribution and no amendments to that decision were ordered."

[4] The property was to be sold to Ralph C. Bowen III and Kara A. Bowen for $170,000. A January 15, 2004 order of the Probate Court approved the application of the administrator to sell the property by private sale to the Bowens for $170,000 in cash. A separate order denied the plaintiff's application for a distribution of the real property to the heirs of the estate.

The administrator had applied to sell the property to satisfy the debts of the estate, namely, his administrative fees.

the distribution of the property. The Superior Court concluded that "[s]ince the order of distribution remains in effect and that order provides that the land be distributed to the heirs, the [Probate Court] cannot order its sale."

In April, 2004, in response to the January 8, 1998 memorandum of decision, the administrator filed a supplemental final accounting, which included fees to the administrator and his attorney for defending the appeals. The supplemental final accounting was approved by the Probate Court in September, 2004. The administrator then applied to mortgage the Columbia property to pay his administrative fees and the fees of his attorney. The Probate Court approved the application to mortgage the property on April 26, 2005, finding that the Columbia property "was the only asset of the estate remaining by which the debts of the estate can be satisfied. It is in the best interest of the parties in interest to satisfy outstanding debts of the estate."[5] The Probate Court ordered that the property be mortgaged and that a note for the sum of $7475 be executed payable to Laschever and a note for the sum of $5910 be executed payable to Goodberg.

The plaintiff appealed to the Superior Court from the April 26, 2005 ruling, and on May 30, 2007, that court upheld the order of the Probate Court and denied the plaintiff's appeal. The Superior Court noted that the plaintiff contended that because he did not specifically challenge the order of distribution of the Columbia property in his appeal from the 1994 order, that portion of the order remained intact and could be disposed of separately from the rest of the order. The Superior Court found this contention "illogical" because "[t]he plaintiff's appeal raised seventeen specific claims. An

---

[5] The May 30, 2007 decision noted that the property had been distributed with the mortgages attached.

administrator would be in the position of trying to determine which sections may be affected [by] the court's decision on appeal and which section may not. Further, there were issues pending in the appeal which directly applied to the specific property in Columbia, i.e., the plaintiff's sixteenth reason for appeal [which concerned the request to place two mortgages on the Columbia property] . . . . Testimony was heard and orders made regarding this property. While it is true that the orders of the Probate Court remained in effect until such time as they were ruled upon by the Superior Court, they could not be acted upon, i.e., this property could not have been distributed until the issues on appeal were settled." The Superior Court also found that the administrator's expenses, including his attorney's fees in defending the various appeals, were paid properly out of the assets of the estate. This appeal followed.

We begin with our standard of review. "An appeal from a Probate Court to the Superior Court is not an ordinary civil action. . . . When entertaining an appeal from an order or decree of a Probate Court, the Superior Court takes the place of and sits as the court of probate. . . . In ruling on a probate appeal, the Superior Court exercises the powers, not of a constitutional court of general or common law jurisdiction, but of a Probate Court." (Citations omitted; internal quotation marks omitted.) *State* v. *Gordon*, 45 Conn. App. 490, 494, 696 A.2d 1034, cert. granted on other grounds, 243 Conn. 911, 701 A.2d 336 (1997) (appeal dismissed October 27, 1998). When, as here, no record was made of the Probate Court proceedings, the absence of a record requires a trial de novo. See *Andrews* v. *Gorby*, 237 Conn. 12, 16, 675 A.2d 449 (1996).

The plaintiff first claims that the Superior Court improperly affirmed the April 26, 2005 order of the Probate Court for the district of Andover to mortgage

the Columbia property. The plaintiff argues that the Probate Court's 1994 order to distribute the Columbia property effectively terminated the estate and that the Probate Court did not have the authority to set aside, modify or revoke the 1994 order. He also argues that because he did not appeal from the 1994 order to distribute the Columbia property, the Probate Court's jurisdiction over the property had long since expired by the time that court ordered that the property be mortgaged in April, 2005, and, therefore, that court had no authority to order that the mortgages in question be placed on the property.

The administrator asserts that the property was not distributed until April 26, 2005, when the Probate Court ordered that mortgages be placed on the Columbia property, and that the Probate Court continued to have jurisdiction over the estate until September 10, 2004, when the Probate Court approved the supplemental accounting. He argues that the Probate Court had jurisdiction to order the execution of the mortgages to secure the September 10, 2004 decree approving the supplemental final accounting, which included the fees to the administrator and his attorney.

"It is fundamental jurisprudence that title to real estate vests immediately at death in a deceased's heirs, or in devisees upon the admission of the will to probate. . . . The recording of a probate certificate of devise or descent is necessary only to perfect marketable title. That certificate furnishes evidence that the heir's or devisee's title is no longer in danger of being cut off by a probate sale to pay debts of the estate and also because it furnishes a record of who received the title." (Citation omitted; internal quotation marks omitted.) *Santa Fuel, Inc.* v. *Varga*, 77 Conn. App. 474, 487, 823 A.2d 1249, cert. denied, 265 Conn. 907, 831 A.2d 251 (2003). "Before a distribution valid for all purposes— one that will put an end to the settlement of the estate

and the power of the court—can be made . . . the estate to be distributed must be first ascertained by that court, by the settlement of the administration account, and the deduction of the ascertained expenses and charges. This is a condition precedent to such a distribution as will put an end to the jurisdiction of the Court of Probate over the unsettled administration account." *Matthews' Appeal*, 72 Conn. 555, 559, 45 A. 170 (1900). "Under our probate practice the ascertainment of the heirs of an estate and the ordering of a distribution requires an order made after due notice, distinct from or in addition to the allowance of a final account . . . ." *State* v. *Glen Falls Indemnity Co.*, 120 Conn. 178, 182–83, 179 A. 823 (1935). At the death of an intestate decedent, the heirs and distributees can make a valid conveyance of the decedent's lands even before formal distribution of the property. *Perkins* v. *August*, 109 Conn. 452, 456, 146 A. 831 (1929).

"The distribution of the property in the estate of a deceased person is the division of it among those who are entitled by law to receive it." (Internal quotation marks omitted.) *Greene* v. *King*, 104 Conn. 97, 102, 132 A. 411 (1926). General Statutes § 45a-431 provides in relevant part: "The Court of Probate shall ascertain the heirs and distributees of each intestate estate . . . [and] shall order the administrator or other fiduciary charged with the administration of the estate to deliver possession of or pay over the intestate estate . . . . The fiduciary shall take proper receipts for any such delivery or payment." Similarly, General Statutes § 45a-433 provides in relevant part: "After payment of expenses and charges, an intestate estate shall be distributed by the administrator or other fiduciary charged with the administration of the estate . . . ."[6]

---

[6] We also note that General Statutes § 45a-130 provides: "When a court of probate orders any person to do any act, such person shall, upon compliance with the order, make a written return to the court, which shall be prima facie evidence of the due execution of the order. The court may in

The statutes further mandate that the administrator or other fiduciary of an estate promptly make such distribution. General Statutes § 45a-450 provides in relevant part: "When the real property of any deceased person, or any part thereof or interest therein, is devised or distributed or set out to the devisee or devisees, heir or heirs or spouse of such decedent or is legally divided by the voluntary act of all the persons interested therein or descends to the heir or heirs or spouse of such decedent, the fiduciary of the estate of such decedent shall, *within one month thereafter*, or, in case of descent to the heir or heirs or spouse of such decedent, *within one month after the acceptance by the court of the final administration account* of such fiduciary, procure from the judge, clerk or assistant clerk of the court of probate having jurisdiction of the settlement of the estate of such decedent, and cause to be recorded in the land records of each of the towns in which such real property is situated, a certificate signed by such judge, clerk or assistant clerk. . . . . If any fiduciary fails to perform the duties imposed upon him by the provisions of this section, he shall be fined not more than twenty-five dollars." (Emphasis added.)

The case law also addresses the duty of an administrator to distribute the assets of an estate. "The duties of distributors on intestate estates are statutory and ministerial; and they distribute the estate as they find it in the hands of the executor or administrator after the allowance of the final account." (Internal quotation marks omitted.) *Bankers Trust Co.* v. *Greims*, 110 Conn. 36, 42, 147 A. 290 (1929). "[O]ne of the primary obligations resting upon an executor or administrator is to effect as speedy a settlement of the estate as is reasonably possible . . . ." *Hall* v. *Meriden Trust & Safe Deposit Co.*, 103 Conn. 226, 233, 130 A. 157 (1925).

---

its discretion require that such return be signed under penalty of false statement."

Our Supreme Court has questioned the propriety of an administrator's failure to distribute real estate that was part of a decedent's intestate estate. In *Hall* v. *Meriden Trust & Safe Deposit Co.*, supra, 103 Conn. 226, the court, noting that an administrator of an estate occupies a position like that of a trustee, was critical of the administrator's actions where he did not sell the decedent's house until thirteen years after he was appointed as the administrator. Id., 233 ("[w]hile not trustees, executors and administrators do occupy a position in many respects analogous, for they have title or possession of the property of the estate solely for the benefit of those having valid charges upon it or entitled to share in its distribution"). The court stated that "no adequate reason appears for keeping the estate open so long and it must be assumed to have been the voluntary choice of the administrator . . . ." Id., 235.

The December 23, 1994 order of the Probate Court decreed that the rest, residue and remainder of the estate be distributed to the heirs. The Columbia property was specifically listed in the final accounting approved by the Probate Court at that time as estate on hand for distribution. There is no question that the Probate Court ordered that the estate be distributed at that time. Although it appears that the administrator did not comply with the order of the Probate Court, and withheld distribution of the property, this does not change the fact that distribution of the Columbia property clearly was ordered by the Probate Court in 1994.

"All orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity . . . ." General Statutes § 45a-24. "[I]t is well settled that probate decrees ascertaining heirs and distributees and ordering or accepting distribution are final if original jurisdiction to administer the

estates exists. *Kellogg* v. *Johnson,* 38 Conn. 269 [1871]; *Hotchkiss' Appeal,* 89 Conn. 420, 95 A. 26 [1915]; *Williamson's Appeal,* 123 Conn. 424, 196 A. 770 [1937]; *State ex rel. Beardsley* v. *London & Lancashire Indemnity Co.,* 124 Conn. 416, 422, 200 A. 567 [1938]." *Palmer* v. *Palmer,* 31 F. Sup. 861, 866 (D. Conn. 1940). "[T]he mere taking of an appeal from a probate decree does not in and of itself vacate or suspend the decree. . . . [T]he probate decree appealed from continues in full force until the appellate tribunal otherwise determines." (Citations omitted; internal quotation marks omitted.) *Kerin* v. *Stangle,* 209 Conn. 260, 265, 550 A.2d 1069 (1988).

A Probate Court decree is conclusive on all of the parties until or unless the decree is disaffirmed on appeal. See *Kochuk* v. *Labaha,* 126 Conn. 324, 329, 10 A.2d 755 (1940). "[T]he decree of a court of probate, in a matter within its jurisdiction, is as conclusive upon the parties, as the judgment or decree of any other court; and the superior court as a court of equity, has no more power to correct, alter, or vary it, than it has to alter or vary the judgments of any other court in the state." *Gates* v. *Treat,* 17 Conn. 388, 392 (1845). An "appeal [brings] before the Superior Court for review only the order appealed from. . . . It [does] not vacate the order, and that order [remains] untouched until modified by a judgment in the Superior Court." (Citations omitted.) *Appeal of Stevens,* 157 Conn. 576, 580–81, 255 A.2d 632 (1969). "The vesting of the plaintiff's title, together with the right of possession, [is] not in suspension during the settlement of the estate . . . nor delayed by the fact that the property might be wanted for the payment of debts . . . ." (Internal quotation marks omitted.) *Hewitt* v. *Sanborn,* 103 Conn. 352, 373, 130 A. 472 (1925).

"Assets lawfully transferred or distributed from estates are protected against the effects of subsequent

reconsideration of Probate Court orders." R. Folsom, Probate Jurisdiction & Procedure in Connecticut (2d Ed. 2008) § 2:41, p. 2-110.1. When the Probate Court decree includes an order of distribution, the matter of distribution is not subject to another order of the Probate Court. See *Brownell* v. *Union & New Haven Trust Co.*, 143 Conn. 662, 666, 124 A.2d 901 (1956) (noting that failure of Probate Court to include order of distribution leaves matter still subject to order of Probate Court). Only under limited circumstances and when specific procedures are followed can a probate decree be reconsidered, modified or revoked. "[A]ny order or decree other than a decree authorizing the sale of real estate made by a court of probate may, in the discretion of the court, be reconsidered and modified or revoked by the court, on the court's own motion or on the written application of any interested person. Such application shall be made or filed within one hundred twenty days after the date of such order or decree and before any appeal is allowed or after withdrawal of all appeals." General Statutes § 45a-128 (b).

The probate decree in question is the December 23, 1994 decree ordering the distribution of the rest, residue and remainder of the estate to the heirs. The plaintiff appealed from that decree in March, 1995, and on January 8, 1998, the Superior Court ruled against the plaintiff on fifteen of his seventeen claims and referred the matter back to the Probate Court for the filing of a supplemental accounting. The plaintiff appealed from the 1998 decision, which was affirmed by this court on June 29, 1999, in *Silverstein* v. *Laschever*, supra, 54 Conn. App. 901, and the Supreme Court denied certification to appeal from that decision on September 29, 1999, in *Silverstein* v. *Laschever*, 251 Conn. 905, 738 A.2d 1091 (1999). The plaintiff thoroughly has exhausted the appeal process pertaining to the 1994 order, and the

order having been affirmed on appeal, it is conclusive upon all the parties.

The Probate Court has jurisdiction over both interim and final accountings per General Statutes § 45a-175, which provides in relevant part: "Courts of probate shall have jurisdiction of the interim and final accounts of testamentary trustees, trustees appointed by the courts of probate, conservators, guardians, persons appointed by probate courts to sell the land of minors, executors, [and] administrators . . . ." Whether the Probate Court had the authority to approve the supplemental accounting filed in 2004 is not in dispute. This supplemental accounting, however, did not give the Probate Court the authority to modify its 1994 order distributing the rest, residue and remainder of the estate to the heirs. That order was a final order of the Probate Court, and the assets lawfully were ordered distributed from the estate at that time. The mere fact that the administrator failed to comply with the distribution order and did not distribute the Columbia property to the heirs at that time did not cause the Columbia property to remain part of the estate, subject to further orders of the Probate Court. The Probate Court's order of 1994 included an order of distribution; therefore, the matter of distribution is not subject to another order of the Probate Court.

The Superior Court, in its February 24, 2005 decision disallowing the sale of the property in order to pay off administrative expenses, concluded that the Probate Court could not order the sale of property which was previously the subject of the 1994 order of distribution. The court emphasized that the order of distribution remained in effect. The court found that because an application to reconsider, modify or revoke the decree was not made under the statutory time period set forth in § 45a-128, "[n]either the appropriate timing or grounds exist for the court to reconsider the order of

distribution. . . . Since the order of distribution remains in effect and that order provides that the land be distributed to the heirs, the court cannot order its sale." An order to mortgage the property is likewise improper. The Probate Court's 1994 decree that the Columbia property be distributed to the heirs of the estate remained in full force and effect throughout the pendency of the appeal and was not subject to another order of the Probate Court. Original jurisdiction to administer the estate unquestionably existed; the decree of the Probate Court was final. The Probate Court, therefore, lacked the authority in 2005 to order that mortgages be placed on the Columbia property.

In light of our conclusion that the order to mortgage the Columbia property was improper, it is unnecessary to address the plaintiff's second claim.

The judgment is reversed and the case is remanded with direction to render judgment for the plaintiff.

In this opinion the other judges concurred.