******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

VERNON G. DAVIS, JR. *v.* TONETTE
DAVIS-HENRIQUES ET AL.
(AC 37495)

Gruendel, Lavine and Prescott, Js.

*Argued December 8, 2015—officially released February 23, 2016*

(Appeal from Superior Court, judicial district of Hartford, Hon. Richard M. Rittenband, judge trial referee.)

*Nitor V. Egbarin*, for the appellant (plaintiff).

*Catherine A. Wilowski*, for the appellees (named defendant et al.).

*Opinion*

GRUENDEL, J. The plaintiff, Vernon G. Davis, Jr., appeals from the judgment of the Superior Court dismissing his appeal from an order of the Probate Court. On appeal, he challenges the propriety of that dismissal. We affirm the judgment of the Superior Court.

The relevant facts are gleaned from the plaintiff's complaint, its accompanying exhibits, and the undisputed record before us. The decedent, Edna G. Banks, died on October 26, 2012. The defendant Tonette Davis-Henriques[1] thereafter filed a petition for the administration of the decedent's estate with the Probate Court for the district of Greater Windsor. That petition listed the decedent's six children, including the plaintiff and the defendant, as heirs. The petition further represented that the decedent left no will, noting that the plaintiff "says there is a will [but] he can't find it." Weeks later, the plaintiff filed a similar petition with the Probate Court, in which he represented that the decedent had left a last will and testament (will).[2] Although signed by the decedent and acknowledged by a notary public, Shaundra Byrd, the will furnished to the Probate Court was not attested by two witnesses,[3] as required by General Statutes § 45a-251.[4]

The Probate Court conducted a hearing on those petitions, which the parties attended. On November 5, 2013, the Probate Court issued a decree appointing the defendant as administratrix of the decedent's estate. In that decree, the Probate Court specifically found that "[t]he will is *not* duly proved, and the same is *not* approved and *not* admitted to probate as the LAST WILL AND TESTAMENT of the deceased." (Emphasis in original.) The plaintiff did not appeal from that decree to the Superior Court. See General Statutes § 45a-186 (a).

Approximately nine months later, the plaintiff, now aided by legal counsel, filed a "motion for order admitting will into probate." In that motion, the plaintiff sought to have admitted into probate the very same will that the Probate Court deemed invalid in its November 5, 2013 decree. Appended to that motion were the July 31, 2014 affidavits of the plaintiff, his wife, Jennette Davis, and Byrd, which all averred that the plaintiff, Jennette Davis, and Byrd[5] witnessed the decedent signing the will. In response, the defendant filed an objection in which she argued that the plaintiff was seeking "another bite at the apple" after failing to appeal the November 5, 2013 decree pursuant to § 45a-186 (a). The defendant further argued that the will submitted by the plaintiff failed to comply with the requirements of § 45a-251. Following a hearing, the Probate Court on August 19, 2014, denied the plaintiff's motion, finding that "[t]he will which was sought to be admitted was one and the same document which was presented for probate [and] was not admitted for probate pursuant to the [decree] of

November 5, 2013, by the Probate Court." The Probate Court, quoting General Statutes § 45a-24, emphasized that "[a]ll orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud."[6]

From that order, the plaintiff appealed to the Superior Court. In response, the defendant, individually and as administratrix, moved to dismiss the probate appeal. Following a hearing, the Superior Court granted that motion, and this appeal followed.

I

As a threshold matter, we note that the plaintiff brought this probate appeal pursuant to § 45a-186. That statute provides in relevant part that "any person aggrieved by any order, denial or decree of a Probate Court in any matter, unless otherwise specially provided by law, may, not later than forty-five days after the mailing of an order, denial or decree for a matter heard under any provision of section 45a-593, 45a-594, 45a-595 or 45a-597, sections 45a-644 to 45a-677, inclusive, or sections 45a-690 to 45a-705, inclusive, and not later than thirty days after mailing of an order, denial or decree for any other matter in a Probate Court, appeal therefrom to the Superior Court. . . ." General Statutes § 45a-186 (a). It is undisputed that the plaintiff's appeal to the Superior Court was commenced in a timely manner. The Superior Court thus was vested with jurisdiction over the plaintiff's appeal of the Probate Court's August 19, 2014 order denying his motion to admit the will into probate.

II

Accordingly, a dismissal of the plaintiff's appeal for lack of subject matter jurisdiction cannot stand. Yet the court's November 10, 2014 order contains no reference to the term "jurisdiction." In construing a judgment, we are mindful that we must "examine the practical effect of the trial court's ruling in order to determine its nature." *In re Haley B.*, 262 Conn. 406, 413, 815 A.2d 113 (2003). Although the Superior Court, in its November 10, 2014 order, formally granted the motion to dismiss filed by the defendant, a review of the record—and that order in particular—reveals that the court viewed the substance of that filing as a challenge to the legal sufficiency of the plaintiff's pleading. See *Pratt* v. *Old Saybrook*, 225 Conn. 177, 185, 621 A.2d 1322 (1993) (motion to dismiss not designed to test legal sufficiency of complaint); *Egri* v. *Foisie*, 83 Conn. App. 243, 247, 848 A.2d 1266 ("[t]here is a significant difference between asserting that a plaintiff *cannot* state a cause of action and asserting that a plaintiff *has not* stated a cause of action, and therein lies the distinction between the motion to dismiss and the

motion to strike" [emphasis in original]), cert. denied, 271 Conn. 931, 859 A.2d 930 (2004). In its November 10, 2014 order, the court first acknowledged that the plaintiff's appeal from the Probate Court's August 19, 2014 denial of his motion to admit the will into probate was timely. The court nonetheless ruled that "no evidence has been produced as to fraud, mistake, or undue influence. . . . [T]he denial by the Probate Judge . . . was on the basis that there were no witnesses to the will. Subsequent affidavits from alleged witnesses are not sufficient. The witnesses must sign the will. The complaint . . . is merely another attempt to overturn the November 5, 2013 decision . . . ."[7]

It is well established that "despite the [party's] or the trial court's characterization of the motion, we examine the practical effect of the trial court's ruling in order to determine its nature." *In re Haley B.*, supra, 262 Conn. 412–13. "Only then can we determine whether the ruling was proper." *Jaser* v. *Jaser*, 37 Conn. App. 194, 202, 655 A.2d 790 (1995). It appears plain to us that, in rejecting the plaintiff's allegation of substantial compliance with § 45a-251 predicated on the affidavits of the plaintiff, Jennette Davis, and Byrd, the Superior Court did not decide a matter of subject matter jurisdiction, but rather found the complaint to be legally insufficient. See, e.g., *Fort Trumbull Conservancy, LLC* v. *Alves*, 262 Conn. 480, 497, 815 A.2d 1188 (2003) (after first concluding that trial court improperly granted motions to dismiss, court then held that "the factual allegations of the complaint were insufficient to support the plaintiff's claims for relief" and thus "properly were subject to a motion to strike"); *McCutcheon & Burr, Inc.* v. *Berman*, 218 Conn. 512, 527–28, 590 A.2d 438 (1991) (explaining that "[a]lthough the trial court should have treated the motion to dismiss as a motion to strike," granting of motion to dismiss was harmless despite being "procedurally incorrect" when operative pleadings could not survive motion to strike); *Mercer* v. *Rodriquez*, 83 Conn. App. 251, 267–68, 849 A.2d 886 (2004) (expressly following *Fort Trumbull Conservancy, LLC*, and *McCutcheon & Burr, Inc.*, in holding that granting of motion to dismiss was "procedurally improper" but harmless error).

In light of the foregoing authority and the substance of the court's November 10, 2014 order, we consider the legal sufficiency of the plaintiff's complaint. Our review of that issue is plenary. *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, 317 Conn. 357, 398, 119 A.3d 462 (2015). "We take the facts to be those alleged in the complaint . . . and we construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *Doe* v. *Yale University*, 252 Conn. 641, 667, 748 A.2d 834 (2000). While "pleadings must be construed broadly and realistically, rather than narrowly and technically"; (internal quotation marks omitted) *Gazo* v. *Stamford*, 255 Conn.

245, 260, 765 A.2d 505 (2001); a motion to strike "is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." *Novametrix Medical Systems, Inc.* v. *BOC Group, Inc.*, 224 Conn. 210, 215, 618 A.2d 25 (1992).

The admissibility of the will presented to the Probate Court by the plaintiff was decided by that court in 2013. In its November 5, 2013 decree, the Probate Court concluded that "[t]he will is *not* duly proved, and the same is *not* approved and *not* admitted to probate as the LAST WILL AND TESTAMENT of the deceased." (Emphasis in original.) The plaintiff received notice of that decree but did not appeal therefrom. As a result, Connecticut law commands that the November 5, 2013 decree is "conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud." General Statutes § 45a-24; see also *Ferraiolo* v. *Ferraiolo*, 157 Conn. App. 350, 357, 116 A.3d 366 (2015) ("§ 45a-24 prevents persons from appearing before a trial court to contest a probate court's order without first filing an appeal from that order"). For that reason, "[a] Probate Court decree is conclusive . . . until or unless the decree is disaffirmed on appeal. . . . [T]he decree of a court of probate, in a matter within its jurisdiction, is as conclusive upon the parties, as the judgment or decree of any other court; and the superior court as a court of equity, has no more power to correct, alter, or vary it, than it has to alter or vary the judgments of any other court in the state." (Citation omitted; internal quotation marks omitted.) *Silverstein* v. *Laschever*, 113 Conn. App. 404, 414, 970 A.2d 123 (2009). The probate decree at issue in this case concerns the validity of a will, a matter over which the Probate Court possesses exclusive jurisdiction. *Ferris* v. *Faford*, 93 Conn. App. 679, 691, 890 A.2d 602 (2006).

Because no appeal was taken from the Probate Court's November 5, 2013 decree declaring the will invalid, that decree remained conclusive upon the parties. As such, the plaintiff's July 31, 2014 motion to admit the will into probate more properly is characterized as a motion to open and set aside the November 5, 2013 decree.[8] That motion alleged that, in light of the aforementioned affidavits of the plaintiff, Jennette Davis, and Byrd, the will substantially complied with § 45a-251. The plaintiff therefore claimed that "the error in not having" any witnesses sign the will was a "harmless error." The Probate Court rejected that contention and declined to revisit its prior decree.[9] In so doing, the Probate Court expressly relied on the statutory imperative set forth in § 45a-24, which insulates such decrees from collateral attack.

That procedural history informs our analysis. On appeal, the substantive issue before the Superior Court was *not* whether the Probate Court properly declined

to admit the will into probate; that issue conclusively was decided in the fall of 2013, when the plaintiff did not appeal from the November 5, 2013 decree. See *Silverstein* v. *Laschever*, supra, 113 Conn. App. 414. Rather, the issue was whether the Probate Court properly declined to revisit its prior decree.

Pursuant to § 45a-24, on which the Probate Court relied in denying the plaintiff's motion, "[a]ll orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud." To mount a collateral attack on the November 5, 2013 decree of the Probate Court, the plaintiff thus was obligated to allege, in his complaint before the Superior Court, that the decree was procured by "fraud, mistake or like equitable ground." *Miller* v. *McNamara*, 135 Conn. 489, 496, 66 A.2d 359 (1949).[10] That he has not done. The determination in the November 5, 2013 decree that the will was "not duly proved" is consistent with the precedent of our Supreme Court requiring the proponent of a will to demonstrate strict compliance with § 45a-251. See *Gardner* v. *Balboni*, 218 Conn. 220, 225–26, 588 A.2d 634 (1991). Indeed, the plaintiff has conceded, before the Probate Court, the Superior Court, and now this appellate body, that the written instrument at issue does not strictly comply therewith.[11] Absent from his complaint are allegations that the Probate Court's November 5, 2013 decree was procured by fraud, mistake, or other like ground.[12] Without such allegations, he cannot demonstrate that the Probate Court improperly denied his July 31, 2014 motion to admit the will into probate.

Perhaps mindful of that pleading deficiency, the plaintiff asks this court to modify the applicable legal standard under which the validity of a will is measured. As he states in his appellate brief: "The plaintiff respectfully requests this Court to excuse the mistake in the will not being subscribed by two witnesses and requests the adoption in Connecticut of the provision by [1] Restatement (Third), Property, Wills and Other Donative Transfers § 3.3 [p. 217 (1999)], that 'a harmless error in executing a will may be excused if the proponent establishes by clear and convincing evidence that the decedent adopted the document as his or her will.' "[13] For two distinct reasons, we decline that request.

First, the question of what constitutes due execution of a will is a statutory issue. *Wheat* v. *Wheat*, 156 Conn. 575, 578, 244 A.2d 359 (1968). "[I]t must be conceded to be within the rightful authority of the legislature . . . to change the formalities previously prescribed for the due execution of wills . . . ." *Lane's Appeal From Probate*, 57 Conn. 182, 186, 17 A. 926 (1889). Although the plaintiff invites this court to rewrite the requirements of § 45a-251, we decline to do so, as that remains prop-

erly the province of our General Assembly.

Second, the plaintiff's request asks us to depart from the precedent of this state's highest court. In *Gardner* v. *Balboni*, supra, 218 Conn. 225, our Supreme Court held that, in a probate appeal before the Superior Court, the proponent of the will "must prove . . . that the will's execution was in compliance with the statute in effect at the time it was executed." The court explained that "[t]o be valid, [the] will *must comply strictly* with the requirements" of § 45a-251. (Emphasis added.) Id.; see also *Smuda* v. *Smuda*, 153 Conn. 430, 432, 217 A.2d 59 (1966) (wills act "is not only directory but also prohibitive and exhaustive"). Accordingly, the court in *Gardner* described its "task" on appeal as a determination of "whether there was sufficient factual evidence to support the [Superior Court's] conclusion that the will was executed in strict compliance with the statutory requirements . . . ." *Gardner* v. *Balboni*, supra, 226. It is axiomatic that, as an intermediate appellate tribunal, this court is not free to depart from or modify the precedent of our Supreme Court. See *Hartford Steam Boiler Inspection & Ins. Co.* v. *Underwriters at Lloyd's & Cos. Collective*, 121 Conn. App. 31, 48–49, 994 A.2d 262, cert. denied, 297 Conn. 918, 996 A.2d 277 (2010). Because our Supreme Court has articulated a "rule of strict compliance with the wills act"; *Gardner* v. *Balboni*, supra, 228; we cannot depart from that rule and adopt the harmless error exception proposed by the plaintiff.

To be valid, § 45a-251 requires a will to contain the written attestations of two witnesses. Our Supreme Court has held that a proponent of a will must demonstrate strict compliance with that statute. *Gardner* v. *Balboni*, supra, 218 Conn. 225. The plaintiff has not pleaded any facts alleging such compliance. The plaintiff further has conceded that he cannot allege such facts and, for that reason, he has asked us to recognize a harmless error exception to that statutory requirement, which we cannot do. Lastly, the plaintiff's complaint does not set forth a colorable claim that the Probate Court's November 5, 2013 decree was procured by fraud, mistake, or like equitable ground. As a result, the plaintiff's complaint is legally insufficient, and there is nothing in the record to suggest that the plaintiff could amend his complaint to allege a viable claim for relief under § 45a-24. See *Fort Trumbull Conservancy, LLC* v. *Alves*, supra, 262 Conn. 501–502. We therefore conclude that, although procedurally incorrect, the judgment of the Superior Court granting the defendant's motion to dismiss this probate appeal constitutes harmless error. See *McCutcheon & Burr, Inc.* v. *Berman*, supra, 218 Conn. 528, 531 (affirming judgment of dismissal because "although the defendants' motion to dismiss was procedurally incorrect, the resulting foreclosure of the plaintiff's ability to amend was harmless"); *Mercer* v. *Rodriquez*, supra, 83 Conn. App.

267–68 (same).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Also named as defendants in the plaintiff's complaint are Gerald L. Davis, Suzette J. Davis, Philip L. Davis, and Lisa Banks. None of those parties filed appearances in the Superior Court or this court. We therefore refer to Tonette Davis-Henriques as the defendant in this opinion.

[2] The plaintiff's petition indicates that he was self-represented at that time.

[3] The will submitted to the Probate Court by the plaintiff is dated November 10, 2011, and contains four pages. On its second page, the decedent states in relevant part that "I give all . . . of my property, whether real or personal, wherever located, to [the plaintiff], my son . . . ." The decedent signed the will as testator on the third page. The will then contains the following statement: "We, the undersigned, being first sworn on oath and under penalty of perjury, state that: On [blank space] . . . in the presence of all of us, the above-named Testator published and signed this Last Will and Testament, and then at Testator's request, and in Testator's presence, and in each other's presence, we all signed below as witnesses, and we declare, under penalty of perjury that, to the best of our knowledge, the Testator signed this instrument freely, under no constraint or undue influence, and is of sound mind and legal age." The will then provides space for the signatures, printed names, and addresses of three witnesses. That portion of the will is blank and not completed in any manner.

The "Notary Acknowledgement" on page four of the will likewise fails to identify any witnesses. It states that "[o]n November 10, 2011, the Testator, Edna G. Banks, and [blank space] the witnesses, personally came before me and, being duly sworn, did state that they are the persons described in the above document and that they signed the above document in my presence as a free and voluntary act for the purposes stated."

[4] General Statutes § 45a-251, known also as the wills act, provides in relevant part: "A will or codicil shall not be valid to pass any property unless it is in writing, subscribed by the testator and attested by two witnesses, each of them subscribing in the testator's presence . . . ."

[5] Although her affidavit states that the decedent "requested me and the other witnesses to act as witnesses to her will," Byrd signed only the "Notary Acknowledgement" portion of the will. Byrd did not complete in any manner the portion of the will dedicated to the signatures, names and addresses of witnesses.

[6] We note that "Probate Court decrees . . . are final judgments for the purpose of the doctrine of res judicata." *Gaynor* v. *Payne*, 261 Conn. 585, 596, 804 A.2d 170 (2002); *Zanoni* v. *Lynch*, 79 Conn. App. 325, 338, 830 A.2d 314, cert. denied, 266 Conn. 928, 837 A.2d 803 (2003). At the same time, "[r]es judicata does not provide the basis for a judgment of dismissal; it is a special defense that is considered after any jurisdictional thresholds are passed." *Labbe* v. *Pension Commission*, 229 Conn. 801, 816, 643 A.2d 1268 (1994); see also *State* v. *T.D.*, 286 Conn. 353, 360 n.6, 944 A.2d 288 (2008) (collateral estoppel does not implicate court's subject matter jurisdiction and does not mandate dismissal of case).

[7] At oral argument before this court, the plaintiff maintained that the Superior Court "went beyond the issue of jurisdiction" in deciding the motion to dismiss filed by the defendant.

[8] To paraphrase the words of our Supreme Court, the filing by the plaintiff of his renewed motion to admit the will into probate and the reasons articulated therefor "did not and could not change the statutory issue as to the validity of the will or relieve [him] of the burden of proving due execution" under § 45a-251. *Crane* v. *Manchester*, 143 Conn. 498, 501, 123 A.2d 752 (1956).

[9] The same judge, Hon. Marianne Lassman Fisher, presided over all relevant Probate Court proceedings in this case.

[10] In *Miller*, the court found that the decrees in question "were the result of accident and mistake" because "[t]he probate proceedings were based upon a mistaken belief that the deceased had left no will." *Miller* v. *McNamara*, supra, 135 Conn. 491–92. In that decision, our Supreme Court held that the term "fraud," as it was used in the precursor to § 45a-24, includes "fraud, mistake, or the like, which entered into [the] procurement" of the disputed decree. Id., 495; accord *Dunham* v. *Dunham*, 204 Conn. 303, 328, 528 A.2d 1123 (1987) (Superior Court has power to grant relief against probate judgments only if it concludes that probate decree attacked is void because of fraud, mistake or similar equitable ground), overruled in part

on other grounds, *Santopietro* v. *New Haven*, 239 Conn. 207, 213 n.8, 682 A.2d 106 (1996). Unlike *Miller*, the will at issue in the present case was submitted to the Probate Court at the outset of the probate proceedings. The Probate Court reviewed that will and found it to be invalid.

[11] It is undisputed that the will does not contain signatures from any witnesses, nor does it specify the names and addresses of any such witnesses. In a probate appeal before the Superior Court, "the proponent of a will has the burden of proof on the statutory issues of due execution . . . ." *Berkeley* v. *Berkeley*, 152 Conn. 398, 401, 207 A.2d 579 (1965). The signatures of attesting witnesses are essential to the due execution of a will. *Buck* v. *Robinson*, 128 Conn. 376, 380, 23 A.2d 157 (1941); see also *Harchuck* v. *Campana*, 139 Conn. 549, 554, 95 A.2d 566 (1953) (writing "failed to meet the requirements for the due execution of a will or codicil" because it lacked signature of witness as required by statute).

[12] The plaintiff's complaint alleges in relevant part that the will substantially complied with § 45a-251, as evidenced by the affidavits of the plaintiff, Jennette Davis, and Byrd that were attached thereto. It nonetheless remains that Connecticut does not recognize a substantial compliance exception. Rather, our law requires strict compliance with the requirements of § 45a-251. *Gardner* v. *Balboni*, supra, 218 Conn. 225. The plaintiff's allegations of substantial compliance are thus immaterial to a challenge to a Probate Court decree under § 45a-24.

[13] We note that the official commentary to that rule states in relevant part: "Among the defects in execution that can be excused, the lack of a signature is the hardest to excuse." 1 Restatement (Third), supra, § 3.3, comment (b), p. 218.